## UNITED STATES v. HARRIS.
### No. 3466.

Circuit Court of Appeals, Fourth Circuit.
June 24, 1933.

W. H. Fisher, U. S. Atty., of Clinton, N. C. (J. D. DeRamus, Chief Atty., Veterans' Administration, and T. P. Regan, Atty., Veterans' Administration, both of Charlotte, N. C., on the brief), for the United States.

Albert Doub, of Raleigh, N. C. (William C. Perdue, of Raleigh, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This action was instituted by Barney Pope Harris to recover on a war risk insurance policy issued to him by the United States while he was a soldier in the World War. He was discharged from service on March 6, 1919, and, by reason of the grace period, the policy was paid up to April 30, 1919, on which date it lapsed unless at that time the soldier was totally and permanently disabled. The insured was wounded in battle in France, and it was necessary to amputate his left leg above the knee. He was treated in various hospitals in England and the United States, and, after his discharge therefrom, he was given vocational training in the manufacture of textiles in cotton mills in North Carolina. After this training, he was employed in a cotton mill in that state from October, 1921, until July, 1932, operating the intermediates in the card room of the mill. He competently performed the duties of an able-bodied man, with some assistance from other persons, and was constantly and regularly employed, receiving during this period a substantial sum of money which compared quite favorably with the earnings of the average workman. He was obliged, however, to expend part of his wages in paying for assistance that he received from others, and hence he actually received for himself about one-half of the money indicated by the payrolls. The net result was that during the ten-year period he was able, notwithstanding his permanent disability, to earn substantial sums of money.

It is of course true that the insured worked under a severe handicap, and there was testimony tending to show that, as the result of his work, he suffered some inconvenience and soreness in the amputated leg, and that, as the result of his labors, varicose veins developed in the other leg, and that he could

not continue to perform his labors as a cotton mill operator without injury to his health. The insured, however, offered no evidence tending to show that he was unable to do such other physical work as would be suitable for a man handicapped by the loss of a leg. Under these circumstances, we think that the District Judge should have granted the prayer offered by the United States for a directed verdict in its behalf. The case in principle is not unlike United States v. Thomas (C. C. A.) 53 F.(2d) 192, in which it was held that a verdict in favor of a one-armed man under a war risk insurance policy could not be sustained because he had offered no substantial evidence to show that he was unable to do the kind of work which a one-armed man can successfully perform.

▓▓ The work of the insured in the pending case constitutes strong evidence to show that he did not become totally disabled prior to April 30, 1919. The actual performance of work, as shown by the cited case, does not necessarily negative permanent and total disability. The question is whether the worker was able to follow continuously some substantially gainful occupation without material injury to his health. But, when the continuous labors regularly performed by the insured in the cotton mill are considered in connection with his failure to show an inability to perform other work better suited to his handicapped condition, it becomes evident that he did not meet the burden of proof imposed upon him under the law.

Reversed.