**360**

## UNITED STATES v. OWEN.
### No. 6935.

Circuit Court of Appeals, Fifth Circuit.

June 6, 1934.

Randolph C. Shaw, Sp. Asst. to Atty. Gen., Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

John J. Sparkman, Douglass Taylor, and S. H. Richardson, all of Huntsville, Ala., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment awarding recovery on a policy of war risk insurance issued to appellee while a soldier in the service of the United States. At the close of the evidence the government moved for a directed verdict, which was denied. The case went to the jury and resulted in a verdict upon which judgment was entered. Error is assigned to the overruling of the motion to direct.

The following appears from the record: The policy lapsed for nonpayment of premiums on June 1, 1920. Suit was filed December 4, 1931, more than eleven years later. Prior to his induction into the Army, Owen was a telegraph lineman by trade. He gave his history from the time of his discharge showing that he worked at his trade for two or three weeks in 1921, about three months in 1924, and some fifteen days in 1925. He drove a truck and a taxicab, each for a few days. He said he could not work at anything continuously because of his poor physical condition. He sold rubber goods, such as seat covers, etc., on commission for a time but this was not profitable. He was in four government hospitals and three or four civilian hospitals and was treated by a number of doctors. He introduced a rating sheet issued by the Veterans' Bureau under date of April 10, 1929, covering the period from his discharge to January 18, 1928. This rating sheet was as follows: "Temporary partial less than 10% from discharge to 10–30–19. Temporary partial 10% from 10–30–19 to 5–13–20. Temporary total from 5–13–20 to 3–20–23. Temporary partial 10% from 3–20–23 to 4–8–25. Temporary total from 4–8–25 to 7–1–25. Temporary partial 30% from 7–1–25 to 7–29–25. Temporary total from 7–29–25, to 3–5–26. Temporary partial 75% from 3–5–26 to 10–15–26. Temporary partial 79% from 10–15–26 to 1–18–26 (28). Temporary partial 56% from 1–18–28." He received $840 as compensation. Owen introduced the testimony of four lay witnesses but this evidence does not tend to show that he was unable to do any work at all. He introduced the testimony of Dr. Roan, who stated he had treated Owen in 1920 or 1921 and at various times down to the date of trial. When he first saw him he was very nervous and had a little trouble with his heart beating very irregularly, had trouble with his lower abdomen, and at times would complain of pains in his hips and legs. He thought Owen was then permanently and totally disabled and unable to follow continuously any gainful occupation without injury to his health and this condition had continued since he first saw him. Dr. Roan stated he was a general practitioner and disclaimed being a heart specialist. He had kept no records of Owen's case and testified entirely from memory. Owen introduced the testimony of Dr. Walker, who had treated him first in December, 1929, and again in September, 1932. He was asked if Owen was permanently disabled and answered that he did not know much about the character of the work of a telegraph lineman. If it was very laborious work, it would probably be some embarrassment to his condition, but that would depend upon the function of his heart. If it was compensating and doing its work, he could live a long time, but it would tend to make him tire easily if the effort put forth was carried to excess; that he thought there were some occupations that Owen could follow. The government introduced the evidence of Drs. Ballard, Ehlert,

Harmon, Cunningham, and Nelson, all of whom had examined Owen at various times in connection with his government hospitalization or applications for compensation. Dr. Ballard examined him very thoroughly and made a report dated May 13, 1920. This examination was at the government hospital at Houston, Tex., a few days before the policy lapsed. He had been sent to the hospital with a diagnosis of pulmonary tuberculosis. However, he and the other members of the board found no evidence of tuberculosis and at that time he had a normal heart. Dr. Ballard stated that there might have been a disease of the heart at that time as changes in the heart may occur. Dr. Ballard again examined Owen at the trial and found that he had a very pronounced heart murmur. He would not advise Owen to do any heavy labor but he could do any sort of light work. Owen had no subjective symptoms such as swollen joints, shortness of breath or a cough, which would indicate that the heart murmur was very dangerous; that he would at that time rate him as partially disabled, at least 50 per cent. The evidence of all the other doctors whose testimony was introduced by the government was to about the same effect. No doctor except Dr. Roan testified that he considered Owen totally and permanently disabled so that he could not continuously follow any gainful occupation.

The burden was on plaintiff to show with reasonable certainty by a clear preponderance of the evidence that he was totally and permanently disabled while the policy was in force and could not continuously follow any gainful occupation. It was not enough for him to show that he was temporarily totally disabled at times or that he was permanently partially disabled. Except for the testimony of Dr. Roan, there is no evidence in the record that would support the burden. It is clear that Dr. Roan's opinion does not rest upon any substantial foundation. His evidence at best is not more than a mere scintilla. We think it was error to deny the motion for a directed verdict in favor of the government. U. S. v. Howard (C. C. A.) 64 F.(2d) 533; U. S. v. Linkhart (C. C. A.) 64 F.(2d) 747; U. S. v. McLaughlin (C. C. A.) 53 F.(2d) 450; U. S. v. Kerr (C. C. A.) 61 F.(2d) 800.

On appeal the suggestion was made in argument that the suit was barred by the statute of limitations incorporated in the Act of July 3, 1930 (section 4), amending section 19 of the World War Veterans' Act 1924 (38 USCA § 445). Conceding that the limitation is jurisdictional and we could consider it on appeal on the suggestion of counsel, in this case, we are unable to do so as it is not shown clearly by the record that limitation had run. On a new trial this point may be raised and the pertinent facts shown.

Reversed and remanded.