## MILLER v. UNITED STATES.
### No. 7077.

Circuit Court of Appeals, Fifth Circuit.
June 8, 1934.

Wallace Miller and Jas. A. Lowrey, Jr., both of Macon, Ga., for appellant.

Randolph C. Shaw, Sp. Asst. to Atty. Gen., and T. Hoyt Davis, U. S. Atty., and A. Edward Smith and H. G. Rawls, Asst. U. S. Attys., all of Macon, Ga., and Lawton H. Ware, of Atlanta, Ga., Atty., Veterans' Administration.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

On April 12, 1932, Madison L. Miller, Jr., sued on his policy of war risk insurance which was issued him July 22, 1918, but on which no premiums had been paid since his discharge from the Army on April 3, 1919; his claim being that he became totally and permanently disabled in a railroad accident in France on October 26, 1918. The evidence is scant, but shows that on the date last stated his right arm was mangled and had to be amputated above the elbow, and that while recovering in the hospital he discovered that with his left eye he could distinguish only the outlines of large objects. The vision in that eye is stated to be only 10 per cent. of normal. His medical witness, however, testifies that the defect of the left eye was congenital, stationary, and permanent, and existed before the accident. Miller's health, except for his eye and arm deficiency, was and is good.

He had education through third year of high school, and before entering the Army did practical land surveying. Since his discharge he has drawn on an average $90 per month as compensation. He cannot, with one arm, do surveying as before. He has tried other work, including salesmanship, but could not hold his jobs, and had earned less than $500 up to the time of filing his claim for insurance on June 5, 1931. He gives no reason why he had not made claim sooner. His medical witness stated that Miller is under a special handicap because he has to direct his left hand with his right eye, and expressed the opinion that he is totally disabled. He was right-handed originally. The court directed a verdict for the United States over Miller's contentions, repeated on this appeal, that he was since October 26, 1918, totally and permanently disabled in law because he had lost the use of an eye and an arm; and, if not, that the jury could conclude he was thus disabled in fact.

The claim of total and permanent disability as a matter of law is based partly on the provision of 38 USCA § 473, taken from section 202 of the World War Veterans' Act of 1924, 43 Stat. 618 as amended March 4, 1925, 43 Stat. 1306 (38 USCA § 473) as follows: "If and while the disability is rated as total and permanent, the rate of compensation shall be $100 per month: Provided, however, That the permanent loss of the use of both feet, or both hands, or of both eyes, or * * * of one hand and one eye, * * * shall be deemed to be total permanent disability. * * * For double total permanent disability the rate of compensation shall be $200 per month"; and partly on Regulation 3140 of the Veterans' Administration, promulgated March 24, 1932, which applies the above enumeration of total permanent disabilities to yearly renewable term insurances. The history of the matter is this: The War Risk Insurance Act of 1917 (40 Stat. 398) provided in separate articles for compensation for death or disability contracted in the line of duty, and for insurance against death or total permanent disability. Total permanent disability was not defined by the act. On March 9, 1918, it was ruled both as to compensation and insurance that any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed to be total disability, and that the disability shall be deemed permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout

the life of the person suffering it. T. D. 20 W. R. The courts generally accepted this as a correct definition of the total permanent disability insured against, but it was said in Lumbra v. United States, 290 U. S. at page 559, 54 S. Ct. 272, 78 L. Ed. 492, not to be an exact definition of total permanent disability or the sole guide by which that expression is to be construed in term insurances. The Act of December 24, 1919, 41 Stat. 373, amended section 302 of the War Risk Insurance Act of 1917 (40 Stat. 406) touching compensation to provide that stated losses of limbs and eyes should be deemed total permanent disability, and the World War Veterans' Act of 1924 somewhat altered the provisions to read as above quoted. The Bureau meanwhile on September 12, 1921, had made Regulation 4 providing that for compensation purposes a disability shall be rated as total and permanent when the conditions enumerated in the statute existed, and that for renewable term insurance purposes and for automatic insurance purposes awards may be made in accordance with the same provisions.

The Veterans' Administration by its Regulation 3140 made the statutory instances of total permanent disability for compensation purposes mandatorily applicable to term insurance. The regulatory paragraph No. 1115, effective March 2, 1931, reads: "A rating of permanent and total disability for insurance purposes will have no effect on compensation and vice versa." We are of opinion that the separation of awards for insurance from those for compensation indicated in this last-quoted regulation is the true interpretation of the statutes. The power to make regulations not inconsistent with the War Risk Insurance Act to carry out its purposes, and to determine upon and publish the full and exact terms and conditions of the contract of insurance which was vested in the Director of the Veterans' Bureau subject to the general direction of the Secretary of the Treasury by the Acts of 1917 and 1924, did not extend to making the insurance contract cover more than the death and total permanent disability named in the statute authorizing it. The Administrator of Veterans' Affairs under section 2 of the Consolidating Act, 46 Stat., p. 1016 (38 USCA § 11a), was given no greater power in this regard than the Director previously had. Regulation 3140, if sustained, would cause an insurance policy to mature, not upon total permanent disability, but upon a one-eyed man's losing his leg, or a one-armed man losing an eye, or the like, regardless of the effect of the loss on his earning capacity. Conceivably such a one might still be able to carry on even his former trade or calling. We do not think the regulation binding on the courts as a modification or enlargement of the insurance contract. The statutory provision on which it appears to have been based has no application to war risk insurance. It was an amendment of a section in article 3 of the act of 1917 relating to compensation for disabilities contracted in the line of duty, and reappears in part 2 of the World War Veterans' Act of 1924 devoted to that subject. Separate parts of both statutes are devoted to the contract of insurance, where the disability insured against may arise at any time or from any source. The statutory provision refers also to "double total permanent disability" for compensation purposes, whereas there could be no such thing for insurance purposes. Things that Congress has directed shall be deemed total permanent disability as respects the compensation benefits voluntarily bestowed by the government do not fix the government's legal liability on its insurance contracts.

Regulations aside, the evidence did not warrant a finding of total permanent disability. The phrase is to be construed reasonably, and, having regard to the circumstances of each case, without fixed rules or formulæ uniformly governing the construction. Lumbra v. United States, 290 U. S. 551, 558, 54 S. Ct. 272, 78 L. Ed. 492. Such disability as Miller had because of his defective eye and the loss of his right hand was permanent, but it was not total. He was without pain or sickness. He had one good eye and the other was of some use. He had never noticed any eye lack, although he had it always, until he experimented in the hospital. It had never handicapped him. The loss of his right hand and forearm was certainly a severe blow to efficiency, but the loss of use of one arm or one leg has never been considered in itself total disability in war risk insurance. United States v. Weeks (C. C. A.) 62 F.(2d) 1020; United States v. Thomas (C. C. A.) 53 F.(2d) 192; United States v. Mayfield (C. C. A.) 64 F.(2d) 214; United States v. Ivey (C. C. A.) 64 F.(2d) 653; Thompson v. United States (C. C. A.) 65 F.(2d) 897; United States v. Harris (C. C. A.) 66 F.(2d) 71. We so held in reference to a commercial policy of insurance in Metropolitan Life Ins. Co. v. Foster (C. C. A.) 67 F.(2d) 264. Of the many light occupations which it is common knowledge that a one-armed man of high school education may follow, few would require better eyesight than the surveying that Miller used to do. In spite of his intelligence and the

fixed, evident character of his disability, canvassed promptly in seeking compensation, he seems never to have considered it total so as to enable him to claim the insurance. The limitation period of the Act of May 29, 1928, elapsed, and the extension made by the Act of July 3, 1930 (38 USCA § 445), was almost gone before his belated claim was filed. Against this situation his failure to find and hold jobs does not prevail. His policy did not cover unemployment, but only disability which prevented him from following continuously any substantially gainful employment. Having no dependents, and $90 a month compensation, he was under no necessity to work. Neither do we think the opinion of his physician that he was totally disabled of any weight. That was the ultimate question to be settled by the trial, and a witness ought not to have been allowed to attempt to decide it. United States v. Sauls (C. C. A.) 65 F.(2d) 886; United States v. Bass (C. C. A.) 64 F.(2d) 467. But he put his opinion solely on the fact of the deficient left eye and the lost right arm, which by themselves under all the circumstances we do not think proved total disability. See United States v. Owen (C. C. A.) 71 F.(2d) 360; United States v. Hill (C. C. A.) 62 F.(2d) 1022. Taking into consideration the admitted good health, education, and experience of Miller, and his own conduct with reference to his insurance, we are of opinion that the jury could not rightly have concluded that he was entitled to recover.

Judgment affirmed.