**UNITED STATES v. LATIMER.**

No. 7516.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1934.

Kenneth E. Spencer, Atty., U. S. Department of Justice, of Washington, D. C., and Lawrence S. Camp, U. S. Atty., and Lawton H. Ware, Atty., Veterans' Administration, all of Atlanta, Ga., for the United States.

William N. Oliver and G. Fred Kelley, both of Gainesville, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

The government appeals from a judgment against it in favor of the plaintiff Latimer in a suit on a war risk insurance policy which expired in March, 1920, for nonpayment of premium. Its contention here is that the evidence was insufficient to warrant the jury in finding that Latimer became totally and permanently disabled while the insurance remained in force, and hence that the trial court erred in denying its motion for a directed verdict. The suit was brought in July, 1932, some twelve years after the cause of action accrued. In his original petition Latimer attributed his disability to tuberculosis and stomach trouble, to which bronchiectasis was added by amendment in 1933.

Latimer enlisted in the Army in February of 1918, and in October of that year suffered an attack of influenza, followed by pulmonary tuberculosis. He received treatment at various government hospitals both before and after his discharge from the Army in December, 1919. By 1924 or 1925 hospital records, introduced by both parties, show that the tuberculosis had been checked, but that plaintiff was suffering from chronic bronchitis. Dr. Crow testified that he gave Latimer a superficial examination in 1920 and thought he had pulmonary tuberculosis; that he saw him once or twice a year for the next ten years; that he examined him carefully in 1933 and found that he had bronchiectasis, and in his final opinion Latimer had that disease at the time he first treated him in 1920. Dr. Crow further testified that Latimer could work continuously in a grocery store or a filling station. No physician called as a witness was of opinion that Latimer was or had been totally and permanently disabled. Latimer was a tenant farmer and followed that occupation continuously from 1920 to 1927, and then began operating a filling station and small grocery store, and was so engaged at the time of the trial.

It is doubtless true that Latimer could not do as much hard work as a perfectly well man could, but that he could and did do ordinary farm work without injury to his health the evidence abundantly establishes. He found no difficulty and suffered no impairment of health in operating the grocery store and filling station with the assistance of his wife and son. It is beside the point that his activities were not more remunerative, for though the contract of insurance provided against disability, it did not guarantee success in business undertakings.

We are of opinion that the plaintiff, in view of the medical testimony, of his work record, and of his long delay in bringing suit, failed to make out a case which entitles him to recover.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.