## UNITED STATES v. JONES.
### No. 7453.

Circuit Court of Appeals, Fifth Circuit.
Nov. 10, 1934.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

John J. Sparkman, Douglass Taylor, and S. H. Richardson, all of Huntsville, Ala., for appellee.

Before BRYAN, HUTCHESON and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Assigning one error, the failure of the trial court to instruct a verdict for it, the United States is here in a war risk case urging that the judgment may not stand.

Based on a varicose condition of his left leg which has manifested various degrees of intensity during the thirteen years since he left the Army with it, the suit affirms that its disabling effects are total and permanent. The defense denies that they are. On this issue considerable testimony was taken.

For five or six years before the war, appellee had suffered from a varicose condition which, though it had not ever totally, had at times partially, disabled him from working. A few days after his enlistment in the Army on March 5, 1918, he was operated on and hospitalized to relieve the condition, returning to active duty some time in July. Since his discharge in February, 1919, his leg has given him trouble, caused him pain, and made working difficult. At times there have been ulcers or running sores on the leg. At the time of the trial appellee was wearing a rubber stocking, and these sores were, and had been for some time, healed over. There was testimony that there was danger that the ulcerated condition would break out if he used his leg again, and we must assume, in the light of the verdict, that this danger exists. There was abundant testimony that, except when elevated, the leg would cause him pain, that it would be easier and give less trouble if he stayed off it, and that he was disabled from any occupation which required the constant use of both legs in hard physical labor. The testimony, in short, is not only sufficient to support, it compels, the finding that appellee has at least a partial disability, permanent in character. The real controversy is over whether the finding that it is, has been, and will continue to be totally disabling is supported by any credible evidence.

Appellant urges that such injury as appellee has, existed before he entered the service, and is therefore not covered by the policy. Hicks v. United States (C. C. A.) 65 F.(2d) 517; United States v. Kaminsky (C. C. A.) 64 F.(2d) 735.

■ We agree with appellant that the existence of this pre-war disability is significant in weighing the testimony as to the present extent of his disability, but we do not think this a case for the application of the decisions cited. Citing United States v. Martin (C. C. A.) 54 F.(2d) 554, Metropolitan Life Ins. Co. v. Foster (C. C. A.) 67 F.(2d) 264, O'Quinn v. United States (C. C. A.) 70 F.(2d) 599, Miller v. United States (C. C. A.) 71 F.(2d) 361, United States v. Vineyard (C. C. A.) 71 F.(2d) 624, appellant argues that the very nature of the claimed disability, an injury to only one leg not totally depriving appellee of the use of it, prevented a finding of total and permanent disability. Further, as a complete overthrow of appellee's contention that something more is shown here than partial loss of the use of a leg, that the evidence shows that this condition prevented appellee from obtaining a livelihood, appellant points to the testimony that appellee has, with the help of neighbors and hired hands, United States v. Harris (C. C. A.) 66 F.(2d) 71, made crop after crop, and worked a while in a cotton mill. It points, too, to the uncontradicted testimony that there were many other kinds of work that a person in his condition could perform. It insists that what has occurred here is that a sympathetic jury has found totally disabling an injury which the whole evidence shows to be only partially so.

■ We think appellant is right. A verdict of total and permanent disability resting on evidence reasonably tending to prove the existence of that condition may not be disturbed; neither may a verdict stand which finds total and permanent disability on evidence proving no more than that the disability to perform gainful labor, though permanent, was partial. We are not deciding, on this record it is not necessary to decide, whether disability affecting only one leg can under any circumstances constitute the total and permanent disability which the policy in suit provided against. We do decide that, when a disability of this nature is relied on as constituting total disability, the proof must be very clear and convincing that it does so operate. There is an entire absence of such proof here. In addition to the damaging effect on appellee's claim of the limited character of the disability, even as it now exists, the thirteen years not only of nonclaim, but of actions contrary to the claim now asserted, conclusively rebut and overthrow it. During all of this time, without claiming formally or informally, until shortly before this suit was brought, that he was totally and permanently disabled from working on a farm, appellee has gone about the business of making his living there with such help, hired and voluntary, as he could obtain, and except for a short period of individual work has made no effort whatever to obtain different employment, though the evidence is undisputed that there are occupations he could follow.

■■ Policies of the kind in suit do insure each soldier individually, and the claim of each to total permanent disability must be determined in the light of the particular effect of the claimed injury upon the ability of the particular person to earn his livelihood, not at the particular work he was doing before his injury, but at any occupation which he could gainfully follow. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492. While, then it may not be doubted that proof of complete disablement from doing the work he was accustomed to do before he received his injury is proof, so far as it goes, of total and permanent disability, where there is evidence that there are other occupations which he could follow, his proof must go on to show that his disability extends to preventing his gainfully pursuing any other occupation. He could do this by proof showing his general disablement to follow any gainful occupation, or by proof which showed that, though he could without pain or injury follow some other occupation, if he could get it, he could not, because of his disabled condition, get such employment or hold it if he should get it. For one is just as completely disabled by an injury from making his living by working, if the injury prevents his getting or keeping work, as he would be if the injury actually prevents his doing it.

These policies are issued with practical, not theoretical, ends in view, and inability to obtain and keep work, as the result of injury, is as fully insured against as is inability to perform it when gotten. It cannot be doubted then that, if one whose training was for farming, and who had no special aptitude for other occupations which, though disabled for farming, he could physically perform if he could obtain the work, finds himself because of his disability not only pre-

vented from farming but from obtaining and holding any other kind of work, his recovery may not be defeated upon the theoretical ground that, if he could get and keep other work, he could physically do it. Appellee however, made out no such case. All his evidence establishes is that handicapped in his work as a farmer he has, except for one brief period, tried no other, but has contented himself for thirteen years with the living he has thus made. Such proof does not satisfy the policy requirements.

The judgment is reversed, and the cause is remanded.