## UNITED STATES v. HAYWOOD.
### No. 7443.

Circuit Court of Appeals, Fifth Circuit.
Nov. 10, 1934.

Jos. H. San, Atty., U. S. Department of Justice, of New York City, and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Frank M. Dixon, of Birmingham, Ala., for appellee.

Before BRYAN, HUTCHESON and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Another war risk case in which appellee has had a verdict, and the government claims the evidence insufficient to sustain it, this case turns on whether the injury to the foot from which chronic osteomyelitis developed is, on the record, a total and permanent disability. The evidence does establish that appellee is and has been incapacitated from performing heavy manual labor which requires the constant use of his foot. It proves no more. Hindered by his wound in getting about and in doing his work, he has not been totally disabled by it. With the help of friends and relatives he has made his living by farming for eleven years, and in addition has done some other work.

The result below in this case illustrates the difficulties inherent in the trial and submission of cases of this kind. It shows that proof of a disability, which, though permanent, is only partial, often suffices for proof of the total and permanent disability required by the policy. It is another instance where, for want of precise definitions and exact touchstones, and because of the obscurity in which the long lapse of time before formal claim has involved the issues, policies insuring against total disability are held to be recoverable where only partial disability is proven. It, like others of its kind, points to the necessity of a more careful appraisement in the trial court of the legal effect of the evidence. In many recent opinions the appellate courts have been pointing this out.

Beyond the briefest statement of the effect of the facts here, and a reference to some of those cases, it will serve no useful purpose to prolong this opinion. It is true enough that appellee was handicapped in working; it is true that the testimony supported his claim that he had obtained the assistance of neighbors and friends. It is, however, equally true that he did obtain this assistance, and that he did, throughout a long period, make his living by working. The fact that neighbors and friends did help him, and that his farming has been accomplished with their assistance, is not proof of total disability. United States v. Harris (C. C.

A.) 66 F.(2d) 71. Particularly is it not such proof when it is considered that the disability was not even as disabling as the complete loss of a leg would be, and there is abundant proof that there were many things which a person no more disabled than plaintiff is could gainfully do. O'Quinn v. United States (C. C. A.) 70 F.(2d) 599; United States v. Vineyard (C. C. A.) 71 F.(2d) 624; United States v. Pleas Jones (C. C. A.) 73 F.(2d) 376; Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

The judgment is reversed.