## UNITED STATES v. FERGUSON et al.
### No. 7501.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1934.

S. D. Bennett, U. S. Atty., of Beaumont, Tex., D. Vance Swann, Bureau of War Risk Litigation, of Dallas, Tex., Randolph C. Shaw, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C., for the United States.

J. A. R. Moseley, Jr., of Texarkana, Tex., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an action on a war risk insurance policy which expired in May, 1919, for non-payment of premium. Appellees, suing as beneficiaries, and alleging that during the life of the policy the insured became totally and permanently disabled, recovered judgment. The government, in support of its appeal, assigns as error the denial by the trial court of its motion for the peremptory instruction, which was based on the ground that the evidence was insufficient to warrant the jury in finding that the insured became totally and permanently disabled while the policy remained in force.

The insured, Herbert C. Ferguson, while serving in the Army during the World War, was hospitalized and treated in 1918; one day in March for "acute intestinal fermentation," and two weeks in October for acute enteritis and acute diarrhea. He was discharged on May 10, 1919, when he was examined by an army surgeon, who certified that he found him to be in sound physical condition; and he himself declared that he had no reason to believe that he was suffering any disability or impairment of health. He arrived at his father's home on May 11, 1919, and immediately returned to his former occupation of tenant farmer, and continued to cultivate twelve acres of land planted to cotton each year up to and including the year 1926. Throughout that period he was unable to do all the plowing or picking of cotton, and was assisted by his brother and other relatives. According to his brother's testimony, at times he could plow "as good as I could," but sometimes after plowing all day he would get sick and vomit. He could and did do other lighter work about the farm. He was married in 1923, and his wife testified that after their marriage he was able to work in the field only about half the day; that he would have at-

tacks of diarrhea or dysentery every two or three weeks; and that, when his bowels were upset, he would vomit after drinking water. Dr. Allen testified that the insured appeared to be "a pretty robust man and in pretty good shape when he came back from the army"; that he was first called to attend the insured on July 4, 1919, and found him suffering from an attack of diarrhea; that he did not consider the attack serious or the patient's condition permanent; that he treated the insured once or twice a year until December, 1926, for different complaints, including malaria, chills and fever, and gall bladder trouble; but, so far as appears, Dr. Allen never treated the insured for an attack of diarrhea after July, 1919. The insured was taken to the hospital and operated on in January, 1927, when his gall bladder was drained and the appendix removed; and about ten days later a second operation was performed for abscess of the liver. The insured died in March, 1927. The liver abscess could have been caused by amœbic diarrhea or by pus getting into the blood stream from the first operation. In either event, it was of very recent origin, and could not possibly have been in existence over a period of several years. There was no medical testimony which justified the inference that, when the policy lapsed, or for several years thereafter, the insured was suffering from an incurable disease. The insured never made any claim either for the payment of the insurance provided by the policy or for compensation on account of disability suffered during his service in the Army.

The evidence, when considered in its most favorable light from the viewpoint of appellees, falls short of showing that the insured in May, 1919, when his policy lapsed, was totally and permanently disabled; at best it shows a recurrence instead of a new attack of diarrhea in July, 1919, after the policy lapsed and the continuance for several years of a partial disability only, except at intervals when there occurred a total temporary disability. The insured stated he had no reason to believe that he was in bad health when he was discharged from the Army, and after his discharge he lived for nearly eight years without making any claim under his policy or for compensation on account of disability sustained during his army service. Under these circumstances, in our opinion, the trial court should, as requested, have directed a verdict for appellant. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492; White v. United States (C. C. A.) 53 F.(2d) 565; United States v. Crume (C. C. A.) 54 F.(2d) 556; Wise v. United States (C. C. A.) 63 F.(2d) 307; United States v. Howard (C. C. A.) 64 F.(2d) 533. The facts of this case are very similar to those presented in our recent cases of United States v. Latimer, 73 F.(2d) 311, and Hamilton v. United States, 73 F.(2d) 357. In each of them, as here, the insured was unable to work continuously on his farm or to raise a crop without assistance; yet we held that, because he was not totally and permanently disabled while his insurance was in force, he was not entitled to recover. And we feel constrained so to hold in this case.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.