## UNITED STATES v. TATE.
### No. 7369.

Circuit Court of Appeals, Fifth Circuit.

March 6, 1935.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., for the United States.

Philo Coco, of Marksville, La., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The government appeals from a judgment against it in an action on a war risk insurance policy, on the sole ground that the trial court erred in denying its motion for a directed verdict. The policy lapsed in September, 1919, for nonpayment of premium, unless it had then matured by reason of plaintiff's total and permanent disability. The suit was brought in August,

1932, practically thirteen years after the cause of action accrued.

The plaintiff while serving in the World War, having encountered and inhaled poison gas, was hospitalized for 30 days, and then returned to active duty. In July he was wounded in the left leg by a fragment of a high explosive shell. His wound resulted in complete ankylosis and permanent stiffness of the left knee joint. He alleged in his petition, and testified, that ever since being gassed his heart and lungs had been affected; but he offered no medical testimony in corroboration, and he himself made no mention of heart or lung trouble in his application for compensation in 1919, or in his claim for insurance benefits in 1931. Two physicians testified for the government that careful examinations made in 1921 and 1922 disclosed that the heart and lungs were in normal condition. The wound in plaintiff's leg did not promptly heal, but occasionally broke out in sores and discharged pus and splinters of bone until in 1924, since which time there has been no discharge of particles of bone, although plaintiff testified at the trial that he was still bothered at times with sores. For several years after his discharge from the Army plaintiff worked during short periods in a rice mill, in a garage, in a store, and once on a job of painting. He could do some of this work fairly well, but because of his stiff leg was unable to do necessary climbing or to work under an automobile. In 1925 he took up farming. He could not plow, but was able to hoe cotton part of the day, work in the garden, and raised a few chickens. He finally bought 20 acres of land, rented out part of it, planted and raised cotton on the part he kept with the assistance of hired help and neighbors.

Plaintiff's claim so far as it rests upon disability by reason of heart or lung trouble resulting from poison gas must be rejected. He made no such claim during a period of more than 12 years, and his opinion testimony, which at best would be entitled to but little weight, loses all probative value in the face of testimony by medical experts that long after the policy lapsed his heart and lungs were in sound condition. There is no doubt that the disability caused by his stiff knee is permanent, but in our opinion it was not shown to be total. This court has often held that the loss of the full use of one leg does not constitute total disability. United States v. Martin, 54 F.(2d) 554; O'Quinn v. United States, 70 F.(2d) 599; United States v. Vineyard, 71 F.(2d) 624; United States v. Jones, 73 F.(2d) 376; United States v. Haywood, 73 F.(2d) 378. This case cannot be distinguished on principle from several recent cases in which this court held that the disability shown though permanent was not total, but only partial. O'Quinn v. United States, supra; United States v. Latimer, 73 F.(2d) 311; Hamilton v. United States, 73 F.(2d) 357; United States v. Haywood, supra; United States v. Ferguson, 74 F.(2d) 44. In each of the just-cited cases as here the insured was unable continuously to do farm work or to raise a crop without assistance.

Because plaintiff's evidence fails to disclose that he was totally disabled, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.