## UNITED STATES v. SMITH.
### No. 3743.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1935.

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

J. P. Buchanan and Ralph L. Lincoln, both of Marion, Va. (W. V. Birchfield, of Marion, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

The appellee, hereinafter referred to as the plaintiff, brought this action in the District Court of the United States for the Western District of Virginia, at Abingdon, against the defendant seeking to recover for total and permanent disability benefits under a war risk insurance policy. The plaintiff was in the military service of the United States, overseas, and a war risk insurance policy in the sum of $5,000 was issued to him on April 17, 1918. This policy continued in force until May 1, 1919, when it lapsed. While in the service and during the life of the policy, the plaintiff was gassed and was treated in various hospitals. He did not return to his company and was discharged on March 4, 1919. A trial was had in April, 1934, and the jury brought in a verdict finding the plaintiff to have been totally and permanently disabled as of September 29, 1918. Upon this verdict judgment was entered, and the defendant, the United States, brought this appeal.

The only question raised is whether there was any substantial evidence showing the plaintiff's total and permanent disability during the life of the policy and whether the court erred in denying the motion of the defendant, made at the close of the taking of the testimony, to direct a verdict in favor of the defendant.

That the plaintiff was gassed and seriously injured seems to have been proven,

but the certificate given him when he was discharged from the army contained the statement that his health was good at that time. After his return to the United States the plaintiff engaged in different occupations, at one time working for a coal company from September 16, 1922, to October 19, 1923, four years after the contract lapsed, during which period he earned the sum of $1,073.43. In the years 1926 and 1927 he engaged in farming and at the time of the trial was working, part time, as a night watchman. At various times the plaintiff engaged in other work. He was married in 1921 and has five children.

 There was some conflict in the testimony of the doctors, who appeared as witnesses at the trial; but a careful study of all the evidence leads us to the conclusion that the plaintiff has not sustained the burden resting upon him to prove his total and permanent disability during the life of the policy. While there was some evidence that the plaintiff, long after the lapse of the policy, had asthmatic bronchitis, emphysema, and a slight tubercular infection, there was no convincing medical evidence that the plaintiff was suffering from any disease that totally and permanently disabled him and no evidence whatever that there was total and permanent disability during the life of the policy.

A mere showing that a disability had its cause or inception during the life of the insurance contract is insufficient. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492. Nor is bronchial asthma a disease which ordinarily totally and permanently disables, at least until it has progressed to the advanced stages. United States v. Hansen (C. C. A.) 70 F.(2d) 230, certiorari denied 293 U. S. 604, 55 S. Ct. 119, 79 L. Ed. —, October 15, 1934; United States v. Hainer (C. C. A.) 61 F.(2d) 581; United States v. Jones (C. C. A.) 62 F. (2d) 347.

While the actual performance of work by the insured does not necessarily negative permanent and total disability, such work record as is shown here does have that effect. United States v. Harris (C. C. A.) 66 F.(2d) 71.

There is a total lack of proof that plaintiff could not, without injury to himself, engage in some occupation not requiring great physical effort.

The long delay in the bringing of the suit is also a strong circumstance against the plaintiff's contention. Lumbra v. United States, supra; United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. —, decided by the Supreme Court January 7, 1935; Miller v. United States, 55 S. Ct. 440, 79 L. Ed. —, decided by the Supreme Court March 4, 1935.

Numerous decisions of this court and the other Circuit Courts of Appeals and of the Supreme Court have settled the law governing actions on war risk insurance policies, and we are of the opinion that under the principles laid down by these decisions the judge below should have directed a verdict for the defendant in this case.

Reversed.