**UNITED STATES v. TARRER.**

No. 7610.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1935.

J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., and T. Hoyt Davis, U. S. Atty., and H. Grady Rawls, Asst. U. S. Atty., both of Macon, Ga., for the United States.

Alexis A. Marshall and Gilbert C. Robinson, both of Montezuma, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, as beneficiary under a war risk term insurance policy, sued and recovered judgment based on the total and permanent disability of the insured during the life of the policy. Errors assigned on the overruling of appellant's demurrer to the petition, and the denial of its motion for a directed verdict, present the questions (1) whether appellee's claim as beneficiary was barred by 38 USCA § 445, and whether there was sufficient proof that the insured was suffering from total and permanent disability while the insurance was in force.

The policy lapsed on July 1, 1919, for nonpayment of premiums. The insured died in February, 1930, without ever having made a claim under the policy; but his widow, as beneficiary, brought suit on December 4, 1931, to collect the installments that had accrued after his death, alleging in her petition that she filed her claim for insurance benefits on June 27, 1931; that notice of denial was mailed from Washington on November 16, 1931, and reached her post office address on the 20th, but was not received by her until November 29 because of her absence from home.

The insured was discharged from the army in May, 1919. During his service he was wounded in battle, and because of his wound his left leg was amputated. Appellee contends also that at the time of his discharge and before the policy lapsed the insured was suffering from tuberculosis and war neurosis. That contention rests almost entirely on the testimony of Dr. Homer Lightner, who gave it as his opinion that the insured in May, 1919, was suffering from incipient tuberculosis complicated with war neurosis. That witness did not regularly attend the insured; nor so far as appears did any other physician until March, 1924, when Dr. Lester Lightner said he found symptoms of tuberculosis. Dr. West, a specialist in tuberculosis at a veterans' hospital, called as a witness for appellant, testified that he made a physical examination of the insured in 1922 and found no evidence of tuberculosis or war neurosis. The insured was married in 1921. He took out life insurance with the New York Life Insurance Company in 1922, when he stated in his application that he had never consulted a physician for or suffered from any disease of the lungs, and the examining physician also testified that he found no evidence of past or present disease of the lungs or of neurosis. Upon his discharge from the army, the insured took vocational training for the purpose of equipping himself to become an automobile mechanic; his father bought a garage and put him in charge of it, and he acted as manager of that business until about a month before his death in 1930. In 1924, in an application to the Veterans' Bureau for further training as an electrician in connection with his automobile business, he stated that his annual income was and had been $900 a year.

In our opinion appellee's suit was barred by section 19 of the World War Veterans' Act 1924, as amended by Act approved July 3, 1930, § 4 (38 USCA § 445).[1] That amendment would have barred the right of the insured, if he had been living, to sue after November 26, 1931. This is so because only six days intervened be-

---

[1] "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

tween the filing of the claim on June 27, 1931, and the expiration of the one-year period on July 3, 1931; and so the insured would have been entitled to six days after the denial of his claim within which to sue. The claim must be held to have been denied on November 20, 1931, when it reached its destination, United States v. Walker, 77 F.(2d) 415, decided April 13, 1935, although it was not received until a later date. Stallman v. United States (C. C. A.) 67 F.(2d) 675. Appellee seems to concede that a claim of the insured, if living, would be barred under these circumstances, but takes the position that as beneficiary she has a separate cause of action which did not accrue to her until the death of the insured within six years of the bringing of her suit. A complete answer to that contention is, as we think, that no right or cause of action accrued by reason of the death of the insured. As the "contingency" on which the claim is founded is not the death of the insured in 1930, but his total and permanent disability at the time the policy lapsed in 1919, and as that claim was barred long before suit was brought, the beneficiary has no better or different cause of action than the insured would have had if he were living. The beneficiary derives any right she has from the insured. If he had none, neither has she. The amendment is not open to the construction that it was intended to bar rights accruing to the insured and at the same time leave without any limitation a suit by a beneficiary.

Aside from the question of limitation, in our opinion the motion for the peremptory instruction should have been granted on the ground that the insured was not shown to have been totally and permanently disabled while his insurance was in force. This court has often held that the loss of the full use of one leg does not constitute total disability. United States v. Tate (C. C. A.) 75 F.(2d) 822 (March 6, 1935), and cases there cited. The insured was able to and did engage in a gainful occupation for several years after his discharge. Even according to the unsatisfactory testimony of Dr. Homer Lightner, at the time his policy lapsed the insured had tuberculosis only in its incipient stage. Two other physicians examined him in 1922 more carefully than did Dr. Lightner, one at a veterans' hospital and the other for a life insurance company, and neither discovered any indication of tuberculosis. It is a most significant circumstance also that the insured lived for

more than ten years without claiming that he was totally and permanently disabled. Appellee did not make out a case of total disability existing prior to the lapse of the policy by clear and convincing evidence, as it was incumbent upon her to do before she could be entitled to a verdict. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.