764

## UNITED STATES v. SIMPSON.
### No. 7590.

Circuit Court of Appeals, Fifth Circuit.
May 20, 1935.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

John J. Sparkman, Douglass Taylor, and S. H. Richardson, all of Huntsville, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The government appeals from a judgment against it in an action on a war risk insurance policy, on the ground that the trial court erred in denying its motion for a directed verdict. The policy lapsed in July, 1919, for nonpayment of premium, unless it had then matured by reason of plaintiff's total and permanent disability; and no claim was made under it until May, 1931, nearly 12 years after the cause of action accrued. The disability asserted was pulmonary tuberculosis, which it was shown followed an attack of influenza in 1918, during plaintiff's period of enlistment in the army, and was active in 1919, but was arrested in 1920. From 1921 to 1924 plaintiff was given vocational training, and from 1925 to the time of the trial in 1934 he had generally been engaged, though with some help, in farming operations. Physical examinations by medical witnesses indicate that at least since 1927 plaintiff's tuberculosis has not been active, and there is nothing in the evidence to show satisfactorily that at any time it has been both totally and permanently disabling. This is another of many cases of the same kind which make it difficult to understand why the insured, if in reality he has been all along totally and permanently disabled, waited so long to sue upon his policy. Miller v. United States, 55 S. Ct. 440, 79 L. Ed. —, March 4, 1935. It is much like our cases of United States v. Latimer, 73 F.(2d) 311; Hamilton v. United States, 73 F.(2d) 357; United States v. Ferguson, 74 F.(2d) 44, in each of which we held that the evidence was insufficient to prove liability for war risk insurance. On the authority of those cases and many others which could be cited, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.