R. C. BARTLEY COMPANY, PROSECUTOR, v. EDWIN LEE, RESPONDENT.

Submitted December 3, 1914—Decided February 19, 1915.

Where in a contract of sale a portion of the purchase price of a heating apparatus is paid, and title reserved to the vendor until fully paid, the vendor may sue and recover for the balance of the purchase price.

On *certiorari* to the Morris Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *King & Vogt*.

For the respondent, *Charles A. Rathbun*.

The opinion of the court was delivered by

SWAYZE, J. The Bartley Company contracted with Lee to put a heating apparatus in his house, reserving title until he had paid for the same. He paid a portion of the purchase price but refused to pay the balance and when suit was brought claimed to recoup damages. The trial judge decided the facts in favor of the plaintiff and awarded judgment for the balance of the purchase price. The only ques-

tion presented by the appeal is whether it is proper to allow the Bartley Company to recover the balance of the purchase price or whether they should have been restricted to a recovery of the damages for breach of an executory contract of sale. The theory of the defendant is that as the title did not pass, although the heating apparatus was in his house, the only remedy of the plaintiff was for breach of an executory contract. Whether this is to be regarded as a working contract or a contract of sale strictly so called, is of no importance. Assuming, in the defendant's favor, that it was a contract of sale, the law is settled adversely to his contention. It is dealt with by Williston at section 579 of his treatise on *Sales* and is within the rule of section 63 of the Sales act. *Comp. Stat., p.* 4662. It is also the logical result of our decision in *American Soda Fountain Co.* v. *Vaughn,* 69 *N. J. L.* 582. As Professor Williston says: "No satisfactory solution of the rights of the parties in such a transaction can be found without observing that the essential character of the transaction is the same as that of an absolute sale with a mortgage back."

The judgment of the Morris Common Pleas must therefore be affirmed, with costs.