BENNETT v. UNITED STATES.

No. 7156.

United States Court of Appeals for the District of Columbia.

Decided Aug. 7, 1939.

Writ of certiorari Denied Dec. 4, 1939. See 60 S.Ct. 264, 84 L.Ed. ——.

C. L. Dawson, of Washington, D. C., for appellant.

Thomas E. Walsh, Young M. Smith, and G. M. Fay, U. S. Department of Justice, and David A. Pine, U. S. Atty., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia entered upon a verdict directed against the appellant, the plaintiff below, at the close of the evidence. The suit was for permanent total disability benefits claimed to be due under two contracts of war risk term insurance issued to the appellant during military service from April 27, 1918, to June 20, 1919. The contracts had lapsed for non-payment of premiums after discharge, but the insurance was subject to be revived and matured on December 26, 1922, by operation of Section 305 of the World War Veterans' Act,[1] if the appellant was in fact permanently totally disabled on that date. It was alleged in the appellant's complaint that he was so disabled. This was denied by the Government. There was a hearing before a jury and at the close of the appellant's evidence the trial judge, upon motion of the Government, directed a verdict against the appellant. The sole question on appeal is thus whether the court erred in its ruling that there was no substantial evidence that the appellant was permanently totally disabled on December 26, 1922.

What constitutes permanent total disability under a war risk insurance contract has been settled by regulation and judicial decisions. Treasury Decision No. 20, promulgated March 9, 1918, provides:

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed ... to be total disability.

"Total disability shall be deemed to be permanent whenever it is founded upon conditions which render. it reasonably certain that it will continue throughout the life of the person suffering from it."

This regulation forms a part of the insurance contract. White v. United States, 1926, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530. In Lumbra v. United States, 1934, 290 U.S. 551, 559, 560, 54 S.Ct. 272, 78 L.Ed. 492, the Supreme Court said:

" 'Total disability' does not mean helplessness or complete disability, but it includes more than that which is partial. 'Permanent disability' means that which is continuing as opposed to what is temporary. Separate and distinct periods of temporary disability do not constitute that which is permanent. The mere fact that one has done some work after the lapse of his policy is not of itself sufficient to defeat his claim of total permanent disability. He may have worked when really unable and at the risk of endangering his health or life. But manifestly work performed may be such as conclusively to negative total permanent disability at the earlier time."

See, to similar effect: United States v. Spaulding, 1935, 293 US. 498, 55 S.Ct. 273, 79 L.Ed. 617. The phrase in question has also been well defined and explained in United States v. Diehl, 4 Cir., 1932, 62 F.2d 343, 345, where Circuit Judge Parker said:

"The burden of proof rests upon the plaintiff in an action of this character to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums. He must show two things: (1) That before the policy lapsed he was totally disabled, i. e., that his disability was of such a character that

---

[1] "Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation . . . would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced . . .." 44 Stat. 799, Act July 2, 1926, 38 U.S.C.A. § 516.

206

he was incapable of pursuing with reasonable regularity any substantially gainful occupation; and (2) that this disability was of a permanent character, i. e., that it was based upon conditions which rendered it reasonably certain at the time that it would continue throughout the life of the insured. Of course, the subsequent history of the insured may be considered for the purpose of determining whether a disability deemed only partial or temporary at the time of the lapse of the policy was in fact total and permanent. But partial disability existing at the time of lapse does not warrant a recovery, even though total disability may subsequently result; and total disability based upon conditions which at the time of lapse do not render it reasonably certain that such total disability will continue through life is not to be deemed permanent, even though a subsequent change of conditions may render such disability permanent in character."

Accord: Eggen v. United States, 8 Cir., 1932, 58 F.2d 616.

■ The evidence introduced established the following: The appellant was totally disabled on December 26, 1922. At that time he had active pulmonary tuberculosis and could not, consistently with proper treatment, do any work. This condition prevailed also on February 12, 1936, and on October 19, 1937. The appellant was in the National Sanitarium, a veterans hospital, from September 12, 1922, until October 7, 1924. On that date he was discharged with his disease pronounced arrested and entered upon a course of vocational training covering about five months. On May 14, 1925, he was readmitted to the Sanitarium, but on July 18, 1925, he was discharged upon his own request because his disease was apparently arrested. For about three years thereafter he engaged in light work, largely collecting. During that period the disease was in an arrested condition. Since then the appellant has worked but a few weeks, tending a fruit store on a part time basis; he has lived largely on veterans compensation.

Arrested cases of tuberculosis permit of light work. The appellant did himself say that during the period of arrest he suffered chest pains and weakness. Nevertheless, he was engaged in gainful employment of a nature not regarded by competent medical authorities as harmful for an arrested case. That the appellant himself considered his case arrested is proved beyond reasonable doubt by the fact that for about five years he lived within convenient reach of a veterans hospital, where to his own knowledge he could have had free examination and treatment, but did not avail himself thereof.

■ The appellant testified and here urges that he had, in addition to tuberculosis, other incapacitating diseases including shell-shock, hemorrhoids, stomach trouble, and rheumatism. But one of his medical witnesses testified: "There is nothing in this man's condition other than the condition of his lungs, that would in any way incapacitate him, other than temporarily." It is noteworthy further that the existence of these additional ailments on the critical date, December 26, 1922, was made to appear only from the appellant's own testimony. None of the examining physicians, if they found such diseases to exist, thought them of sufficient importance to mention them in findings or testimony. In view of this the jury could not reasonably have found the appellant totally disabled as a result of these ailments.

■■ Under circumstances not materially dissimilar to the foregoing, the courts have held that there is no case for the jury. Since arrested tuberculosis permits medically of light work, and since the appellant performed such work over a substantial period of time, it cannot be said that the total disability of December 26, 1922, was permanent within the definitions given. During the period of arrest there was a partial disability only. If the disability was only partial from 1924 to 1929, the total disability could not have been permanent in 1922. United States v. Clements, 1938, 68 App.D.C. 261, 96 F.2d 533; United States v. Diehl, supra. That the appellant's earnings were not substantial is not controlling if he was actually able, without harm to himself, to work. United States v. Latimer, 5 Cir., 1934, 73 F.2d 311. It is also immaterial under the law that the disease reappeared in an active form in 1936 and 1937. This cannot alter the fact that it was arrested and that his disability was therefore partial, rather than total, from 1924 to 1929.

Affirmed.