### YOUNG v. UNITED STATES.
### No. 9390.

Circuit Court of Appeals, Ninth Circuit.
May 1, 1940.

David Spaulding, of West Los Angeles, Cal., for appellant.

Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Kenneth E. Spencer, Thomas E. Walsh, and Keith L. Seegmiller, Attys., Dept. of Justice, all of Washington, D. C., and Benjamin Harrison, U. S. Atty., and Attilio Di Girolamo, Atty., Dept. of Justice, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This action is to recover upon a policy of war risk insurance issued to the appellant. The appellant claims he became totally and permanently disabled before the policy lapsed on September 20, 1929. The trial was by the court without a jury. The new rules of civil procedure in the federal courts were then in effect. At the close of the appellant's evidence the defendant (appellee) rested and moved for a dismissal on the ground that the plaintiff had not produced sufficient evidence to show that "he was suffering from pulmonary tuberculosis, active, or from any other disability which would make it impossible for him to engage in some gainful occupation." The case was argued and submitted on July 13, 1939. On August 2, 1939, a minute order was entered reciting that the case had been heard on the merits and ordering judgment in favor of the defendant.

The next day appellant moved the court to vacate the order of August 2nd and to enter judgment for the plaintiff and in the event of the denial of his motion asked for a new trial. In response to this order the court amended its order by substituting the following minute order: "Ordered * * * that the motion made by the defendant to dismiss plaintiff's complaint on the ground that plaintiff failed to make a prima facie case is sustained; and the order of Aug. 2, 1939, is amended accordingly;".

Thereafter, on August 30, 1939, the court made its findings of fact, conclusions of law, and entered judgment in favor of the appellee. The finding of fact in regard to the disability of the appellant is as follows: "That plaintiff failed to show that his physical or mental condition, during the life of the policy of insurance sued upon herein, rendered it impossible for him to continuously follow any substantially gainful occupation and that he was permanently and totally disabled."

In its conclusions of law the court held the appellant was not entitled to recover and that the appellee was entitled to judgment. The judgment entered on the same day decreed "that plaintiff take nothing hereby, and that judgment be entered for the defendant, the United States of America". The appeal is from the judgment of August 30, 1939.

In presenting his appeal appellant stated that one question on appeal is

whether or not there is substantial evidence to show that plaintiff became permanently and totally disabled on or before September 20, 1929. He thus assumes one of the questions to be determined on appeal is whether or not there is sufficient evidence to require the submission of the case to a jury, had there been a jury. The appellant is in error in that regard for the judgment of the court was on the merits. The rules so provide. Rule 52(a) of the Federal Rules of Procedure, 28 U.S.C.A. following section 723c, requires that there shall be findings of fact and conclusions of law "in all actions tried upon the facts without a jury". Rule 41(b) provides for an involuntary dismissal of an action after plaintiff has completed the presentation of his evidence and defendant has moved for dismissal upon the ground that upon the facts and the law plaintiff has shown no right to relief. It is further provided that "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

■ These rules do away with the former distinction in California applicable in the federal courts sitting in California between a judgment of nonsuit and a judgment on the merits in all suits or actions where the court sits without a jury.

In the case at bar from the two minute orders and the findings of fact and conclusions of law and judgment, it is clearly apparent that the court was of the opinion and decided that the appellant had not made out a prima facie case.

The effect of this decision on the facts is declared in the federal rules of civil procedure which provide, Rule 52(a) that the findings of fact of a trial court shall not be set aside unless clearly erroneous and that due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The finding here is that there was no proof of permanent, total disability. The finding should have been that the plaintiff was not suffering from permanent total disability before September 20, 1929. This was the ultimate fact in issue but the judgment implies such a finding. Appellant also claims that the evidence would support but one judgment and that for the plaintiff.

This is in effect a claim that the findings in favor of the defendant are clearly erroneous. We will now consider this claim.

The appellant testified fully as to his physical disabilities. His testimony was supplemented by the evidence of two persons who had worked for and with him in his real estate and insurance business, and also by the testimony of a medical expert witness who first examined the appellant in 1939. Appellant introduced the records of the United States Public Health Service, and the government hospital service, covering the period from September 14, 1917, to and including April 4, 1932. These records show a serious impairment of appellant's health by reason of the various illnesses he has suffered. It appears from these records that he was hospitalized a number of times before July 25, 1918. On that date he was returned to duty.

On December 18, 1918, he was admitted to the field hospital because of rheumatism, later complicated by acute rheumatic fever. He was demobilized April 2, 1919. His application for discharge contained the usual declarations that he was physically and mentally sound. A similar certificate was signed by the discharging medical officer. On February 24, 1921, his case was diagnosed as "chronic pulmonary tuberculosis, quiescent, Otitis media bilateral." From that time on the diagnosis of tuberculosis was repeatedly made. On June 4, 1921, July 6, 1920 [sic], it was diagnosed as quiescent. October 19, 1921, March 7, 1922, July 21, 1922, February 18, 1926, August 30, 1926, March 7, 1927, it was diagnosed as active tuberculosis, moderately advanced. October 4, 1927, the diagnosis was "tuberculosis, moderately advanced, quiescent, pleurisy fibrosis, chronic." On April 19, 1928, "Diagnosis, tuberculosis pulmonary chronic, healed, moderately advanced." This last diagnosis, it was stated, was made without x-ray examination. This was the last record before the policy lapsed September 20, 1929. Two years later, June 16, 1930, diagnosis was "tuberculosis, chronic, far advanced and active. X-ray shows small area of cavitation behind first interspace on right." April 4, 1932, "Diagnosis, tuberculosis chronic, far advanced, active." February 12, 1939, "Pulmonary tuberculosis, moderately advanced, active, chronic." Appellant suffered other physical difficulties which are

disclosed by the diagnoses in evidence which we have not stated, because appellant's claim of total and permanent disability is based upon the disability suffered by him by reason of his tubercular condition.

The appellant's medical expert confirmed the diagnosis of pulmonary tuberculosis. He testified that in his opinion the chances of recovery for a man who had had tuberculosis for five years were not good, and although the mental and physical effects of his occupation vary with different types of tuberculosis "generally speaking it is figured that exercise and work aggravates existing tuberculosis."

He also testified with reference to the diagnosis of April 19, 1928, that the National Tuberculosis Association standards do not recognize the diagnosis of "healed tuberculosis". And further, that to secure a classification under the National Tuberculosis Association of arrested tuberculosis there must be x-rays and if it shows a healing tuberculosis, the sputum must be negative of bacilli, and during the last six months under observation he must be taking exercise equivalent to two hours walking. He further testifies that the diagnosis of "healed tuberculosis", if it was intended to indicate "apparently cured", could not be a correct diagnosis because two years later the appellant showed active tuberculosis.

■ It has been frequently held by the court and was held by this court in Falbo v. United States, 9 Cir., 64 F.2d 948, affirmed, 291 U.S. 646, 54 S.Ct. 456, 78 L.Ed. 1042, that tuberculosis, active or chronic, does not, per se, constitute total and permanent disability. See, Crews v. U. S., 102 F.2d 485. While the medical expert did testify that appellant's chances of recovery were not good in 1926, he did not testify that his disease was incurable at the time the policy expired in 1929. The court was justified in accepting the diagnosis of healed tuberculosis in 1928, notwithstanding developments subsequent to the lapse of the policy. See, United States v. Watson, 4 Cir., 107 F.2d 370, 371. Although the appellant has suffered much during the period of twenty years because of his physical difficulties and impaired health, he has nevertheless made creditable and effective efforts to overcome his difficulties. Without detailing his work record it is sufficient to say he became engaged in the real estate and insurance business in South Gate, Los Angeles, as early as the fall of 1923, and that he has continued therein up to the time of trial. He testified that much of his work was done by his employees and later by a partner with whom he divided the profits equally. He stated that he "never made a great deal of money; probably about enough to live on." A large number of transactions disclosed by the county records in which the appellant engaged were given in evidence. From this work record and the nature of the medical evidence, even if we assume that there was sufficient evidence to justify a finding in favor of the appellant, it cannot be said that the finding in favor of the government was clearly erroneous where during a long period of time and at the very time when the policy expired, the plaintiff was actually making a living by a gainful occupation and had done so for a number of years before that time, where it is not clearly established that this work imperiled his health or life. See rule stated in United States v. Klever, 9 Cir., 93 F.2d 15; Bennett v. United States, 70 App.D.C. 399, 107 F.2d 204.

Affirmed.