**CONNELLY v. UNITED STATES.**

No. 10041.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1941.

Paul Blanchard, of Columbus, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., of Macon, Ga., and Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett and Fendall Marbury, Attorneys, Dept. of Justice, all of Washington, D. C., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Pearce Harmon Connelly brought suit to recover total permanent disability benefits under the terms of a policy of United States Government converted life insurance issued on June 1, 1926. The case was tried to a jury, and at the close of the evidence for the plaintiff the court, on motion, directed a verdict for the defendant holding that the reinstatements of the policy on May 25, 1933, and January 11, 1934, had been procured by fraud; and that there was no evidence of total permanent disability. Judgment was entered on the verdict and Connelly has appealed.

After issuance of the policy in 1926 it lapsed and was reinstated several times; the last reinstatement being on January 11, 1934. Premiums were paid through June 30, 1934, and it is agreed that on July 1, 1934, the cash surrender value of the policy was sufficient to extend insurance protection to November 21, 1935, under the extended insurance provisions of the contract. Thus, at the very latest, insurance protection under the policy came to an end on November 21, 1935.

The appellant contends that he was totally and permanently disabled on or before May 1, 1934, and that under any view of the case he was suffering from total permanent disability prior to November 21, 1935.

Connelly was employed as secretary and treasurer of the Columbus, Georgia, Country Club from 1930 to November, 1934. In May, 1933, while working at the club he sustained an injury to his sacro-iliac joint. In May of the following year he developed fever, "which had symptoms of tropical fever", and which recurred from time to time until 1937. It is shown that in 1934 Connelly was having domestic troubles and that about the same time he developed a nervous condition which caused him to "lose control" of himself occasionally. Connelly testified that in 1934 he worked at

the country club "under a terrific strain"; that he fell behind with his work; and that in November, 1934, he lost his position with the club. He then purchased a taxicab company and operated it for two months, but due to a severe attack of influenza he was unable to attend to the business and it failed and he lost all his savings. He then made and sold playground equipment and outdoor furniture through 1935 and 1936. About January 1, 1937, he began working in a machine shop, and in the spring of that year resumed his playground equipment business. In July, 1938, he audited books for A. J. Hoffmeyer, and then worked at the machine shop until January, 1940. He then did bookkeeping work, and on February 22, 1940, was hospitalized at a Government hospital. Thereafter he returned to work at the machine shop, and on September 11, 1940, again entered the hospital where he remained under treatment until January 30, 1941. After his discharge from the hospital he was employed by Hoffmeyer as bookkeeper, and at the time of the trial of this case on March 11, 1941, he was so employed and was receiving a salary of $19 per week. Since his discharge from the country club he has worked and supported himself.

There is no evidence that Connelly was disabled by the injury to his sacro-iliac joint in 1933. There is evidence that his nervous condition persisted and that he developed arthritis. The plaintiff's medical witness, Dr. A. N. Dykes, testified that he examined Connelly for the first time in 1940, and that at that time the diagnosis "showed he had arthritis of the shoulder and upper part of spine. * * * He also had a lot of pus in the urine, which indicated either a prostatitis or cystitis or bladder infection. I did not make a cystiscopic examination to determine what it was." Dr. Dykes offered no opinion as to when the conditions found by him arose, and he expressed no opinion as to the curability of plaintiff's arthritis. There is no evidence that Connelly sought or received medical treatment for any of his ailments other than the "tropical fever" until September, 1939, and it is, therefore, wholly a matter of speculation as to whether or not his condition, if existing during the life of the policy, was total and permanent, or whether or not he could have been cured if he had received medical treatment before November 21, 1935. Cf. Falbo v. United States, 9 Cir., 64 F.2d 948,

affirmed 291 U.S. 646, 54 S.Ct. 456, 78 L. Ed. 1042; Wise v. United States, 5 Cir., 63 F.2d 307.

Under a policy of Government life insurance one who seeks to recover total permanent disability benefits has the burden of showing that he was suffering from a total permanent disability during the life of the policy. Evidence which does no more than open the door to speculation is not sufficient to support a verdict. After a careful review of the evidence we are of opinion and so hold that there was no substantial evidence showing that appellant was totally and permanently disabled during any period of protection afforded by his policy of insurance. Under no proper view of the record did the evidence make a case for the jury. The trial court properly directed a verdict for the defendant. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Wise v. United States, 5 Cir., 63 F.2d 307; Bennett v. United States, 70 App.D.C. 399, 107 F.2d 204, 205; United States v. Latimer, 5 Cir., 73 F.2d 311; Lockett v. United ed States, 5 Cir., 86 F.2d 1.

It is unnecessary to pass upon the issue of fraud in the reinstatements of the policy.

The judgment is affirmed.