DISABLED AMERICAN VETERANS OF THE WORLD WAR, DEPARTMENT OF REHABILITATION, PLAINTIFF-RESPONDENT, v. JAMES MALONE, DEFENDANT-APPELLANT.

Argued January 6, 1942—Decided May 4, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Eugene J. Kirk.*

For the respondent, *Jerome Alper & Alper* and *Samuel B. Friedman.*

The opinion of the court was delivered by

DONGES, J. Defendant appeals from a judgment against him entered in the District Court of the Fourth Judicial District of the County of Union, in a suit on a contract for the purchase of a set of books known as "Progress of Nations." It is admitted that defendant ordered the books. Although defendant's brief asserts that defendant refused to accept delivery of the books, the uncontroverted fact appears to be

that delivery was made at defendant's home and he subsequently sent the books back to plaintiff, and was advised that they could not be accepted and were held for defendant.

The grounds of appeal are four in number.

The first is designed to review alleged rulings on evidence and lists twelve questions and answers, but fails to raise properly any point for consideration. The name of the witness or witnesses is not stated. *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402: *Terminal Cab Co.* v. *Mikolasy,* 128 *N. J. L.* 275, and cases cited.

Other objections are raised to the failure of the state of case to conform to the plain requirements of the rules of this court, rules 155 and 156. However, we proceed to a consideration of the merits of the appeal.

The second ground of appeal has to do with objections to the admission in evidence of copies of four letters from plaintiff to defendant, and of two letters from defendant to plaintiff. Upon call for production of the original letters from plaintiff to defendant, they were not produced, and being duly proved as having been sent, copies were admissible. The original letters sent by defendant to plaintiff, and not disclaimed by defendant, were admissible. There was no error in this ruling.

The third ground is that there was error in denying defendant's "motion for a directed verdict," and the fourth ground is that it was error to "give judgment for the full amount of the contract when no damages had been proved." These grounds may be dealt with together.

In connection with the third ground of appeal, it appears desirable to point out that the form of the motion and specification is not appropriate to the situation presented in a case tried, as here, without a jury. It has, indeed, been a practice of many to make a motion for a "directed verdict" at the conclusion of a case tried without a jury, and this court, preferring to deal with merits rather than technicalities, has frequently dealt with the matter in the language and form used by counsel. But as a matter of correct practice, there can be no "directed verdict" where the court sits as judge and jury. The appropriate motion is for a judgment for the

party in whose behalf it is made; and we deem it advisable to call attention to this point in the interests of proper practice, because of the increasing number of cases having this improper motion and specification.

The making of the contract and the amount thereof were not disputed. Defendant's position is that the books were sent back to plaintiff and, therefore, the damage would be the difference between the contract price and the amount received by plaintiff on re-sale of the books. There is uncontradicted testimony that the name of defendant is inscribed on one or more of the volumes of the work and that, therefore, there was no market for the books.

Apart from the fact just stated, the trial court found, and the evidence supports such finding, that the defendant executed the contract for the books; that delivery was made to defendant, in accordance with the terms of the contract. It appears that the contract was fully performed by plaintiff and that there was acceptance by defendant. The defendant argues as if the court were dealing with an executory contract. The contrary is apparent from the undisputed facts. Title passed to defendant and plaintiff was entitled to payment. *R. C. Bartley Co.* v. *Lee,* 87 *N. J. L.* 19; 93 *Atl. Rep.* 78.

The judgment under review is affirmed, with costs.