## ZIS et al. v. HERMAN et al.

### No. 209.

Municipal Court of Appeals for the District of Columbia.

Sept. 28, 1944.

Herbert R. Grossman, of Washington, D. C., for appellants.

John R. Walker, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiffs below claimed that they entered into a written contract for the sale of real estate to defendants for $20,000; that by such contract defendants agreed to make a deposit of $1,000 as part payment, which deposit could be forfeited in the event of defendants' default; that defendants gave a check for $1,000, representing said deposit, but thereafter stopped payment on the check and refused to comply with the contract. Plaintiffs asked damages of $1,000.

Defendants denied making the contract, alleging they had signed a written offer to purchase but had withdrawn such offer prior to its acceptance by plaintiffs; and further alleged that the offer was conditioned upon the buildings on the real estate being susceptible of being raised one or two additional stories in height and that the buildings could not be so raised.

The trial court, sitting without a jury, found that defendants' offer was not withdrawn prior to acceptance and that there had been no representation that the buildings could be raised in height. The court, nevertheless, also found that an additional story could be added to the buildings "assuming appropriate safeguards and precautions were taken." A finding in plaintiffs' favor was made and judgment entered accordingly.

[5] Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; Sidur v. Thall, D. C.Mun.App., 31 A.2d 873.

Defendants have appealed and state that the issues involve the question whether or not there was a contract between the parties. We shall consider the points raised in the order presented in appellants' brief.

■■ Under Point 1, appellants contend that the judgment is contrary to the evidence, contrary to the weight of the evidence, plainly wrong, and without evidence to support it. Whether the offer was withdrawn prior to acceptance and whether the offer was conditioned on the availability of the buildings being raised in height were questions of fact. On these two questions t ere was directly conflicting evidence, and though appellants earnestly argue that the testimony offered by appellees was wholly unreliable and failed to establish their claim by a preponderance of the evidence, we cannot pass upon these questions. We have repeatedly held that this court cannot weigh evidence or pass upon the credibility of witnesses or override the trial court's findings where there is substantial evidence to support them. See Yellow Cab Co. v. Sutton, D.C.Mun.App., 37 A.2d 655, and cases there cited.

Under Point 2, appellants argue that the judgment is contrary to law, but here again their argument is confined to a consideration of the evidence and the claim that the weight of the evidence is in their favor. We cannot reweigh the evidence.

Under Point 3, it is argued that the court was in error in refusing to grant a directed verdict for appellants at the close of all the evidence. The ground for this argument is that appellees failed to prove a contract by a preponderance of the evidence and failed to maintain the burden of proof. The findings of the trial court are conclusive on these matters.

Under Point 4, it is argued that a new trial should have been granted because the findings of the trial court were plainly wrong, contrary to the evidence and to the weight of the evidence. For reasons already stated we cannot review this question.

■■ Under Point 5, it is argued that the trial court denied appellants the opportunity to argue the case on its merits before the court made its findings of fact and conclusions of law. Appellants say that when all the evidence was in there was argument on a motion for a directed verdict but no argument on the merits of the case, that the argument was confined to the question as to which party had the burden of proof as to the existence of the contract. This statement, however, is not borne out by the record. The record shows that the appellants argued that appellees had failed to maintain the burden of proof to establish the existence of a valid contract between the parties and that appellees had failed to prove a case by a preponderance of the evidence. The record does not show what points were developed in the course of the argument but it is not apparent to us that such an argument would not be an argument on the merits of the case. The trial court understood it to be a final argument on the merits and took the case under advisement and after briefs were filed by both parties rendered its findings of fact and conclusions of law. A motion for a new trial was filed and one ground assigned was lack of opportunity to argue the case on its merits. Although the trial court was of the opinion that such opportunity had theretofore been afforded counsel, it nevertheless continued the hearing of the motion for the purpose of affording full argument upon the merits of the case, and such argument was thereafter had. The record does not sustain the contention that appellants were denied the privilege of argument of the case on the merits.

As a final point, appellants state that they requested the trial court to rule on the question as to which party had the burden of proof on the issues involved and that the court refused to make such ruling. We find in the record no request for such a ruling. Appellants, however, insist that as a result of the court's failure to rule upon such request "counsel moved for a directed verdict in order to compel such a ruling so as to make a record in the trial court, but the court refused and failed to rule on said motion and instead proceeded to make its findings."

■■ We think it is proper in a case tried by the court sitting without a jury, for either party to request rulings on pertinent questions of law and that it is the duty of the court to rule upon such questions.[1] In a case tried before a jury a party may obtain rulings on questions of law by presenting requested instructions to the jury,

1 See Fields v. District of Columbia, 26 App.D.C. 70, 72, holding that the proper form is that the court "is requested to rule" and that it is "nonsense" to ask the court "to instruct itself."

and we see no reason why in a case tried without a jury a party should not have the same right. If this were not so, the right of appeal in many cases would be useless, since ordinarily we can review only questions of law. The legal principles which guide the court in arriving at a decision on the issues of fact involve important rights of litigants. They are entitled to have the court declare such principles upon request in order that on appeal it may be determined whether the court was guided by correct principles of law.[2] Ultimate findings of fact of a trial court, if reached "upon an application of erroneous legal standards" are not binding upon the appellate court.[3]

Therefore, if the record disclosed that appellants requested a ruling on the question of burden of proof and that the court refused to rule, such action of the trial court would be erroneous. However, as said before, the record does not disclose that this happened.

A part of the confusion in this case, we think, results from the making by the appellants of the so-called "motion for a directed verdict." Such a motion is entirely inappropriate in a case tried by the court and should be confined to cases tried before a jury.[4] It is readily appreciated that the trial court, hearing argument on a motion so designated, considered it an argument on the merits, even though that may not have been the understanding of counsel for appellants. The evidence was in and the time had arrived for final arguments on the merits unless there were preliminary questions of law to be disposed of. If there were questions of law to be decided they should have been raised by a request for rulings of law and not under the guise of a motion for a directed verdict. Labels and nomenclature are frequently unimportant, but the proper use thereof will often avoid the confusion and misunderstanding which appears to have developed in this case.

Affirmed.

RICHARDSON, Chief Judge, concurs in the result.

[2] Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; McCullough v. Biedler, 66 Md. 283, 7 A. 454; John Hetherington & Sons v. William Firth Co., 210 Mass. 8, 95 N. E. 961; Home Sav. Bank v. Savransky, 307 Mass. 601, 30 N.E.2d 881.

[3] Helvering v. American Dental Co., 318 U.S. 322, 330, 63 S.Ct. 577, 582, 87 L.Ed. 785.

[4] Disabled American Veterans, etc., v. Malone, 128 N.J.L. 300, 26 A.2d 68.