## McKENNA v. WILCOX.
### No. 259.

Municipal Court of Appeals for the District of Columbia.

Feb. 16, 1945.

Leon L. Sclawy, of Washington, D. C., for appellant.

Samuel Shapiro, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff, as owner of rooming house property, recovered of defendant three months' rent. The claim was resisted on the ground that defendant had never obligated himself to pay rent, and was never a tenant of plaintiff, but merely a broker who had placed a tenant in possession.

Briefly summarized, this was the situation: When plaintiff purchased the property, and for sometime thereafter, defendant was the rental agent. Some months later the tenant moved out, leaving the furnishings and owing several months' rent. Another tenant went into possession, and after operating the rooming house for a short time, also vacated.

Plaintiff claimed that after the first tenant moved, defendant by oral agreement took over the operation of the rooming house as tenant of plaintiff, and gave possession to the next occupant as a subtenant. Defendant, as we have already said, asserted that in putting the second tenant into possession he was acting merely as broker for plaintiff and assumed no liability for rent.

At the trial there were two issues: First, whether defendant's agency had been terminated by plaintiff before the rental period in dispute, and second, whether there had been a resumption of the agency or a new agreement whereby the defendant undertook to occupy the premises as tenant. On both questions the evidence was in sharp conflict. For the plaintiff there was evidence of delivery of a letter terminating the agency. Defendant denied receiving such letter. There was testimony that defendant had informed plaintiff's manager as well as his attorney that the tenant had defaulted in payments due him on a chattel mortgage he held on the furniture and that he had taken possession thereof. This, too, defendant denied. There was

evidence that defendant had asked permission to take over the operation of the rooming house in order to protect his investment in the furnishings and that defendant agreed to pay up the rent in arrears and to become the tenant of plaintiff. This evidence was likewise denied by defendant, who insisted that the tenant alone was to be responsible for the rent. There was also other evidence, some supporting the plaintiff's claim and some lending weight to defendant's denial of liability.

There is thus revealed the familiar picture of charge and denial, of evidence directly in conflict, and of no reviewable issue on appeal. Zis v. Herman, D.C.Mun.App., 39 A.2d 65.

Affirmed.