## PEGUES v. WRAY.
### No. 256.

Municipal Court of Appeals for the
District of Columbia.
March 2, 1945.

Sandolphra Robinson, of Washington, D. C., for appellant.

Joseph A. McMenamin, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff appeals from an adverse judgment in an action for unlawful eviction from a room in a rooming house.

At the trial, which was without a jury, plaintiff's evidence disclosed that she had been renting a first floor room in defendant's premises; that the room was occupied by her two sons, while she lived in a basement room with a friend; that defendant reported to her that the D. C. Health Department had ordered certain repairs made to said room including installation of a bathroom, and that these repairs required making use of part of the room for that purpose. She testified that defendant sought her permission to remove her belongings from the room, promised to provide her with a third floor room while the repairs were being made, and promised to return her belongings to the first floor room after it had been remodeled. She testified that she consented to such arrangement. She said defendant moved her belongings elsewhere in the house but later did place them in the third floor room; that her two sons moved into the third floor room and were now occupying it; and that when the repairs to the first floor room had been completed defendant refused to permit her to reoccupy it.

Defendant explained that the repairs to the first floor room had been ordered by the Health Department and that he had moved plaintiff's belongings from that room only after he had secured her consent; that her belongings were moved to the third floor room where her two sons were placed in occupancy and that they had been there ever since; that plaintiff had not personally occupied the first floor room but had, as she had admitted, lived in a basement room. He testified that after the repairs to the first floor room had been completed it was too small to permit occupancy by more than one person under the Health Department regulations and that he was now personally occupying it. He also testified that plaintiff agreed to accept the third floor room in place of that on the first floor. There was some supporting evidence for both parties.

Because the finding of the trial judge was a general one, with no specific basis assigned, we have studied the evidence to determine whether it provides support for the finding. We think it does.

If there were nothing more than the testimony that plaintiff agreed to accept the third floor room in place of that on the lower floor, that would have justified the trial judge in believing that there had been a substitution by the landlord of one room for the other and an acceptance by the tenant.

But there was more than this. There was also defendant's testimony, uncontradicted, that the Health Department regulations prohibited the occupancy of the

300

remodeled room by more than one person. If that were true he was entitled to the defense of impossibility of performance, unless bad faith on his part was shown. Appellant argues that the landlord knew of this situation in advance and deliberately tricked her into surrendering the room, with no intention of keeping his promise to restore her to possession when the repairs were completed. Perhaps the evidence lends itself to such an interpretation. But we cannot say that such must be the only interpretation. It depends upon the credibility of the witnesses as well as upon the deductions and conclusions to be drawn from such parts of their testimony as were accepted as true. These, in the circumstances here presented, were questions for the trial judge. We "may not reweigh the evidence or override the findings, except where it clearly appears they are manifestly wrong." Nolan v. Werth, U.S.App. D.C., 142 F.2d 9. See also Zis v. Herman, D.C.Mun.App., 39 A.2d 65; McKenna v. Wilcox, D.C.Mun.App., 41 A.2d 303.

Affirmed.