## GARRETT v. JAMISON.

### No. 442.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1946.

Rehearing Denied Jan. 17, 1947.

Herman Miller, of Washington, D. C., for appellant.

Warren E. Magee, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff brought an action for possession of certain dwelling property. She had purchased the property from Miss Sara Louise Jamison but at the time of the purchase the property was in possession of the defendant, a sister-in-law of Miss Jamison. Plaintiff's evidence tended to show that defendant's possession came about in the following manner. Miss Jamison bought the property with her own funds and held legal title thereto. She and the defendant moved into the premises and operated a rooming house business. Most of the furniture used in the business belonged to Miss Jamison, although some furniture was contributed by defendant. Defendant was in charge of the business, renting the rooms and collecting the rents. The proceeds of the business were to be used to purchase additional personal property and to pay the carrying charges of the property. The rents were deposited in a joint bank account of Miss Jamison and defendant and the net profits were to be divided equally, but there was no division of profit because none was realized. As part of the arrangement, Miss Jamison had a will drawn by which she devised the property to the defendant, and she gave a copy of the will to defendant. Their understanding was that the defendant should pay no rent to Miss Jamison, and none was ever requested or paid. The business failed to prosper and Miss Jamison found it necessary to put additional money into the business. Eventually a dispute arose between Miss Jamison and defendant concerning the business and other matters, and thereupon Miss Jamison asked defendant to vacate. Defendant refused to vacate, and Miss Jamison moved from the premises and thereafter sold the premises to the plaintiff. Plaintiff, after acquiring title, brought the instant action to recover possession from the defendant.

Plaintiff had formerly lived in the premises when the rooming house business was conducted by defendant and Miss Jamison, and was aware that the business had been managed by the defendant, and at the time of purchase knew that the defendant was in possession. Plaintiff also knew that Miss Jamison had filed an action in the District Court against the defendant, seeking an accounting and possession of the property, but had been told by Miss Jamison that she had dismissed the action. At no time after the purchase of the property did plaintiff request or receive rent from the defendant.

At the close of the plaintiff's evidence the defendant moved for finding in her favor and the trial court, sitting without a jury, granted the motion on the ground that plaintiff had failed to establish, by a fair preponderance of the evidence, any rela-

tionship of landlord and tenant either between Miss Jamison and the defendant or between plaintiff and defendant. In a written memorandum, apparently filed after the oral finding, the trial court, reciting what it termed "the ultimate conclusions of fact," after stating that the relationship between Miss Jamison and the defendant amounted to a joint venture arrangement, ruled there was no relationship of landlord and tenant between Miss Jamison and the defendant, and that plaintiff had failed to establish any form of tenancy between herself and defendant.

A consideration of the evidence outlined above indicates that diverse conclusions could be drawn therefrom, the determination of which was necessary before it could be concluded as a matter of law that a landlord and tenant relationship did not exist. The arrangements under which Sara Louise Jamison and defendant operated the rooming house were such that there was a question as to whether it was a master and servant relationship,[1] a partnership,[2] a joint adventure,[3] a landlord and tenant relationship,[4] or a licensor-licensee relationship.[5]

It was necessary for the trial court to determine from the evidence, and permissible inferences drawn therefrom, the nature of that relationship. Furthermore it was necessary to determine in like manner the effect, if any, on that relationship of Miss Jamison's request that defendant vacate and her own removal after defendant had refused to vacate. And finally it was necessary to determine the effect on the then existing relationship of the sale of the property by Miss Jamison to the plaintiff. In other words, whether the defendant held possession of the premises as a tenant of Miss Jamison at the time the property was conveyed to plaintiff presented a question not only of law but of fact. The applicable principles of law could not be determined until the facts were ascertained. Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Catholic University of America v. Waggaman, 32 App.D.C. 307.

We pointed out in Carow v. Bishop, D.C.Mun.App., 50 A.2d 598, that where there has been a motion for finding for defendant at close of plaintiff's evidence in a non-jury case, the trial judge may test the evidence only for legal sufficiency; findings of fact may be made only when the evidence is completed. And since the record clearly discloses that findings of fact were made by the trial judge at the close of plaintiff's evidence, the judgment must be reversed and a new trial granted.

We do not intend by what we have said to indicate that there may not be an ultimate conclusion to the effect that no relationship of landlord and tenant existed between the parties; we only hold that it was error for the trial court to rule that such a conclusion was forced by "a preponderance of the evidence" at the close of plaintiff's case.

Reversed with instructions to award a new trial.

---

[1] Turner v. Mertz, 55 App.D.C. 177, 3 F.2d 348, 39 A.L.R. 1140.

[2] Georgia Casualty Co. v. Hoage, 61 App. D.C. 195, 197, 59 F.2d 870, 872; Sheldon v. Little, 111 Vt. 301, 15 A.2d 574, 137 A.L.R. 1.

[3] Keiswetter v. Rubenstein, 235 Mich. 36, 209 N.W. 154, 48 A.L.R. 1049.

[4] School District No. 11 v. Batsche, 106 Mich. 330, 64 N.W. 196, 29 L.R.A. 576; Simons v. Lebrun, 219 N.C. 42, 12 S.E.2d 644.

[5] Smith v. Royal Ins. Co., 9 Cir., 111 F.2d 667, 130 A.L.R. 812, certiorari denied, 311 U.S. 676, 61 S.Ct. 43, 85 L.Ed. 435.