**TAYLOR v. UNITED BROADCASTING CO., Inc., et al.**

No. 687.

Municipal Court of Appeals for the District of Columbia.

Sept. 27, 1948.

---

Marvin Willig, of Washington, D. C., for appellant.

Milton Dunn, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

In the Municipal Court jury trials are not had in civil cases except on written demand, and most trials are conducted by the court without juries. In a great many of such trials there are motions attacking the legal sufficiency of the evidence. This appeal, like many earlier ones, emphasizes the necessity of having a clear understanding of the purpose and function of such motions and the limitations on their use.

This was a suit by which the plaintiff sought to recover $2,020 allegedly due him for commissions on advertising contracts secured by him for radio station WOOK, operated by defendants. He testified that he was engaged to work under an oral agreement by which he was to receive a commission of 15% on advertising sold for defendant broadcasting company; that he was to receive a weekly drawing account against such commissions and did receive a total of $2,330. It was stipulated that plaintiff need not read to the court all the contracts sold by him but that he would testify that he had sold approximately $75,000 worth of advertising. He also testified that he had made demands for complete statements and accountings of monies due him but that such were never given him. He also testified that on the last day of his employment defendant Eaton told him that no further commissions were due him because the company had not collected any monies in excess of what had already been paid him on his drawing account. He iden-

tified a letter addressed to him by defendant, reciting that his remuneration "will be based entirely upon a commission of 15% on all orders and renewals during the time you are in our employ" and reciting the amounts and other terms of the drawing account arrangement. He also identified a receipt in full signed by him on the termination of his employment, when defendants paid him $60. These two papers were offered in evidence by defendant during plaintiff's cross-examination and were admitted over plaintiff's objection.

Plaintiff called to the stand defendant Richard Eaton, president of the corporate defendant "as plaintiff's witness for the purpose of cross-examination." The parts of Mr. Eaton's testimony important on this appeal were these: he admitted that the original agreement was that plaintiff was to be paid a commission of 15% on orders for advertising (as stated in the letter above referred to) but said there was a verbal understanding that "collections of advertising fees had to be made before the commissions became due." He also testified that from time to time he went over plaintiff's accounts with him and advised him what portions thereof had been collected by defendants. He admitted that on the last day of plaintiff's employment there was no conversation as to whether the collections exceeded plaintiff's drawing account, but said plaintiff was given $60 in full payment when he resigned.

Plaintiff having rested, defendants made a "motion for a directed verdict" which the court granted, and this appeal is from the judgment based on that ruling.

We first direct our attention to the form of the motion. Too frequently records in non-jury cases have been coming to this court reciting that there were motions "for a directed verdict." As we said some time ago "Such a motion is entirely inappropriate in a case tried by the court and should be confined to cases tried

before a jury." Zis v. Herman, D. C. Mun. App., 39 A.2d 65, 67. Obviously a trial judge cannot in a non-jury case "direct a verdict" any more than he can "instruct himself as a matter of law" thus and so. This latter formula was many years ago characterized as "nonsense." Fields v. District of Columbia, 26 App.D.C. 70. In these situations the proper procedure is to move the court at the conclusion of plaintiff's case for a finding for defendant. And at the conclusion of all the evidence if there are questions of law to be decided they should be raised by a request for rulings of law and not under the guise of a motion for a directed verdict. Zis v. Herman, supra. We do not wish to seem to be unduly stressing a mere procedural misnomer. "Labels and nomenclature are frequently unimportant" as we said in the Zis case, but the misuse thereof often leads to confusion, misunderstanding, and possibly unjust results. In the interest of accuracy and orderly procedure counsel should not ask for "a directed verdict" in a non-jury case and trial judges should refuse to entertain such a motion.

More important, of course, is the question as to whether the case should have been decided against plaintiff without requiring defendants to put on their proof; in other words whether it was correct to to hold that plaintiff had not made out a prima facie case. If both plaintiff and defendants had rested their case and the evidence was complete the trial judge could, of course, have proceeded to weigh the evidence and decide all issues of law and fact. But only the plaintiff had rested[1]. That being so, the trial judge could not at that stage of the case consider the weight of the evidence or its credibility: there was then no fact question before him. He had before him only a question of law: the legal sufficiency of plaintiff's case.[2] The judge did not make special findings or announce any reasons for his ruling. But the effect of his ruling was that a prima facie case

---

[1] It is true that defendants had offered two pieces of documentary evidence, out of turn during plaintiff's cross-examination; but it is clear that they had not gone into their case in chief and were by their motion attacking the legal sufficiency of plaintiff's case.

[2] Merriam v. Sugrue, D.C.Mun.App., 41 A.2d 166; Carow v. Bishop, D.C.Mun. App., 50 A.2d 598; Garrett v. Jamison, D.C.Mun.App., 50 A.2d 602; Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632.

had not been established. This, we must hold was error.

■■ The "motion for a directed verdict" was an admission of every fact in evidence,[3] and for the purpose of the motion plaintiff's evidence was to be viewed in a light most favorable to him, every reasonable inference drawn in his favor and the view accepted which was strongest in support of his claim. Judged by these familiar and universally accepted tests we must rule that plaintiff made out a prima facie case. He was only required to establish that he had been employed, that he rendered the services required of him, that he sold the advertising he claimed to have sold and that defendants breached the agreement by not paying him in full. This he did. True, there were some seeming conflicts and inconsistencies in the evidence he offered; but these presented factual, not legal questions. It is also true that defendants might by their evidence have overcome his claim in whole or in part by producing their records and other evidence at their disposal. They should have been required to put on their proof and there should have been no decision on the facts until the evidence had been completed.

■ We are aware that our ruling is contrary to the practice in the Federal courts under Federal Rules of Civil Procedure, rule 41(b), as amended, 28 U.S.C.A., which authorizes a court, sitting without a jury, to make findings of fact at the close of the plaintiff's case, and that some Federal courts followed the practice even prior to the amendment to the rule.[4] But the Federal Rules of Civil Procedure do not apply either to the Municipal Court or to this court.[5]

The Act of April 1, 1942, D.C.Code 1940, § 11—751 et seq., reorganizing the Munici-pal Court, directed that court to prescribe rules of practice and procedure, to "conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure." As a result the Municipal Court adopted many rules substantially identical with the Federal Rules. Thus, Municipal Court Rule 37(b) is identical with Federal Rule 41(b) prior to the latter's amendment. On the other hand, the Municipal Court did not adopt rules similar to all the Federal rules. An example of omission, pertinent to the question here, is the failure of the Municipal Court to adopt a rule similar to Federal Rule 52(a) requiring the court, in actions tried without a jury, to find the facts specially and state separately its conclusions of law thereon. The Municipal Court went no further than to provide, by its Rule 48(b), that in non-jury cases the court "may" if requested by any party, make special findings of fact. We cite this not in criticism of the trial court, but in order to point out that the practice and procedure in the Municipal Court is not the same as that in the Federal courts. Furthermore, the practice and procedure in the Municipal Court is not uniform in its different branches. Both the Landlord and Tenant Branch and the Small Claims Branch have special rules of practice and procedure. The trial court's other civil cases are classed as "A" and "B", the classification being based on the amount claimed, and many rules applicable in "A" cases do not apply in "B" cases (involving $500 or less), in which there are no formal pleadings or procedures, actions being commenced by simple bill of particulars, with no answering pleadings required of defendant.

■ Therefore, in construing a Municipal Court rule based on a Federal rule, while we must give due and careful con-

[3] Catholic University of America v. Waggaman, 32 App.D.C. 307.

[4] Bach v. Friden Calculating Machine Co., Inc., 6 Cir., 148 F.2d 407; Gary Theatre Co. v. Columbia Pictures Corporation, 7 Cir., 120 F.2d 891; Young v. United States, 9 Cir., 111 F.2d 823; United States v. United States Gypsum Co., D.C.D.C., 67 F.Supp. 397, reversed in United States v. United States Gypsum Co., 333 U.S. 364, 366, 68 S.Ct. 525. But see, contra, Schad v. Twentieth Century-Fox Film Corporation, 3 Cir., 136 F.2d 991, and Federal Deposit Insurance Corporation v. Mason, 3 Cir., 115 F.2d 548.

[5] Plummer v. Johnson, D.C.Mun.App., 35 A.2d 647; Yellow Cab Co. of D. C. v. Rogers, D.C.Mun.App., 34 A.2d 36.

sideration to the Federal cases, nevertheless we must also keep clearly in mind the difference in practice in the two jurisdictions, and avoid so construing the rules as to produce too great a departure from the established traditions and practice peculiar to the Municipal Court, which, experience has taught, have proved so satisfactory there. This court has never construed Municipal Court Rule 37(b) to give that court power to make findings of fact at the conclusion of the plaintiff's case. In a series of cases[6] we have held that in the Municipal Court sound and safe practice requires that findings of fact await the conclusion of the entire evidence. Despite the practice which has developed in the Federal courts, we must adhere to our former rulings.

Reversed for further proceedings in conformity with this opinion.

CLAGETT, Associate Judge (dissenting).

While I concur in that portion of the opinion of the court relating to the inappropriateness of a "motion for directed verdict" in cases tried by the court without a jury, I do not agree with the decision nor with the effect of a motion under Rule 37(b) of the Municipal Court rules.

The applicable part of this rule provides:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

Prior to March 19, 1948, this part of the Municipal Court rule was identical with a portion of Rule 41(b) of the Federal Rules of Civil Procedure. Effective on the date mentioned, the federal rule was amended to read as follows:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

The Municipal Court up to the present time has not adopted a similar amendment.

Prior to the amendment of the federal rule, three federal circuit courts of appeal held that, as the judge was the trier of the facts, in such a situation his function was not the same as on a motion to direct a verdict, where the jury was the trier of the facts, and that the judge in deciding such a motion in a non-jury case might pass on conflicts of evidence and credibility, and if he performed that function of evaluating the testimony and granted the motion on the merits findings were required.[1] A statutory three-judge federal court sitting in this federal jurisdiction in an opinion by the present chief judge of the United States Court of Appeals for the District of Columbia Circuit, Judge Stephens, ruled similarly.[2] The third circuit, however, held that on such a motion the function of the court was the same as on a motion to direct in a jury case, and that the court should decide whether there was evidence which would support a judgment for the plaintiff, and, therefore, findings were not required by Rule 52.[3] This court has previously made rulings similar to those in the third circuit, and in such decisions made since I became a judge of this court I have joined.[4] The opinion in one of such cases

6 Listed supra in footnote 2.

1 Young v. United States, 9 Cir., 111 F.2d 823; Gary Theatre Co. v. Columbia Pictures Corporation, 7 Cir., 120 F. 2d 891; Bach v. Friden Calculating Mach. Co., 6 Cir., 148 F.2d 407.

2 United States v. United States Gypsum Co., D.C.D.C., 67 F.Supp. 397, reversed on other grounds 333 U.S. 364, 366, 68 S.Ct. 525.

3 Federal Deposit Ins. Corporation v. Mason, 3 Cir., 115 F.2d 548; Schad v. Twentieth Century-Fox Film Corporation, 3 Cir., 136 F.2d 991.

4 Carow v. Bishop, D.C.Mun.App., 50 A.2d 598; Garrett v. Jamison, D.C.Mun. App., 50 A.2d 602.

following this rule was written by me.[5] All of these decisions, however, were rendered priod to the amendment of the federal rule.

According to an explanatory note made by the Advisory 'Committee on rules for civil procedure, 1947 revised edition, "The added sentence in Rule 41(b) (Federal Rules of 'Civil Procedure) incorporates the view of the Sixth, Seventh and Ninth Circuits." This statement of the committee is supported by 3 Moore's Federal Practice, 1938, Cum.Supplement § 41.03, under "Page 3045"; Commentary, The Motion to Dismiss in Non-Jury Cases, 1946, 9 Fed.Rules Serv., Comm.Pg. 41b.14.

While it might be argued that the federal amendment not having been adopted by the Municipal Court, the previous interpretation of the rule should be adhered to, I am of the opinion that the amendment is one of interpretation rather than one of new legislation, and thus that the interpretation previously followed by the ninth, sixth and seventh federal circuits should now be followed by this court, particularly since the same rule has been approved by a three-judge federal court in our own jurisdiction. While those decisions are not binding on this court, they are highly persuasive and, by the adoption of the new amendment, they have received the sanction of the rule-making authority of the federal courts.

The following statement of the view adopted by the ninth, sixth and seventh circuits was made in the 1947 cumulative supplement to Moore's Federal Practice Under the New Federal Rules, Vol. 3, p. 56:

"The Third Circuit holds that the defendant's motion raises a question of law only. But this disregards the wording of Rule 41(b) that the grounds of the motion are that 'upon the facts and the law the plaintiff has shown no right to relief.' Since the Rules were designed to expedite the trial of cases it is certainly within their purpose that the court should have the power to dispose of the case at the first opportunity, and it is entirely appropriate that the court have the power to weigh the evidence, consider the law, and find for the defendant at the close of plaintiff's case. This does not mean that it will always be advisable for the court to do so. The case, at that point, may be very close and in the interest of obtaining a full and complete picture for both the trial and the appellate court it may be advisable to deny the defendant's motion, put the defendant to its proof, and then decide the case when all the evidence has been adduced."

I note, of course, that it is an important feature of the now existing federal rule that in a case where the court, sitting without a jury, dismisses an action on the motion of the defendant at the close of plaintiff's case, the court is required to make findings of fact and conclusions of law. Since the adoption of the Federal Rules of Civil Procedure this has always been the rule in United States district courts. This part of the federal rules was not followed by the Municipal Court in spite of the mandate contained in the Act creating the court providing that the rules of that court "shall conform as nearly as may be practicable to the forms, practic·, and procedure now obtaining under the Federal Rules of Civil Procedure."[6] The judges of that court felt that, because of the very large number of cases tried, it was not practicable for them to make written findings of fact and conclusions of law in all non-jury cases. It might, however, be entirely practicable to make such findings in the comparatively small number of cases covered by the rule under discussion. 'Certainly it would be better practice. In view of the comparatively simple issues in the present case and in view further of the fact that the trial court made a general finding for defendants, I do not believe that the lack of a specific finding of fact should change the result herein.

Applying the foregoing principles to the present case, I think that the evidence sufficiently supports the trial court's finding for defendants. Stripped to essentials, the evidence was as follows: Plaintiff testified

---

[5] Rieffer v. Hollingsworth, D.C.Mun. App., 52 A.2d 632, decided April 25, 1947.

[6] Code 1940, Supp. V, § 11—756(b).

that he was engaged to work under an oral agreement by which he was to receive a commission of 15% on advertising sold for defendant, that he sold approximately $75,000 worth of advertising but had only been paid $2,330, or less than he was entitled to. He also testified that on the last day of his employment defendant Eaton told him that no further commissions were due because the company had not collected any monies in excess of what had already been paid him on his drawing account. As opposed to this testimony, defendant Eaton, called as a witness by plaintiff, admitted that the original agreement was as stated by plaintiff but that there was a verbal understanding that collection of advertising fees had to be made before the commissions became due, and that when plaintiff resigned he was given $60 in full payment of what was owing him under this arrangement.[7] There was no evidence of any collections since plaintiff's resignation. If the trial court believed defendant's testimony, as it obviously did, then no balance was owing to plaintiff and the finding for defendants was justified if not compelled. I conclude, therefore, that the judgment should be affirmed.

---

[7] Defendant Eaton was called by plaintiff "as plaintiff's witness for the purpose of cross-examination." Such practice is permitted by Municipal Court Rule 39 (a), based upon Rule 43(a), Federal Rules of Civil Procedure. The method of producing this witness, however, did not prevent the trial court from accepting his testimony if it believed it to be true.