**George H. HAMILTON, Appellant,**

v.

**Thomas W. BLANKENSHIP, Appellee.**

**No. 2780.**

Municipal Court of Appeals for the District of Columbia.

Argued July 10, 1961.

Decided Sept. 15, 1961.

---

Henry J. Balzer, Washington, D. C., for appellant.

Sidney A. Cohen, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This was a suit by appellant to compel the repayment of $1,606, the total of ten loans allegedly advanced to appellee during the summer of 1958. At trial appellant was unable to recount from memory the amount and circumstances of each loan transaction but relied upon ten slips of paper which recited the dates of the loans, their amounts, and the name of their recipient, Thomas W. Blankenship. These memoranda, appellant testified, had been prepared by him at the time of the loans. With some reservation, the court admitted the slips in evidence over appellee's objection that they were self-serving. On the strength of these slips and his spotty recollection of some of the loan transactions, appellant concluded his case. At this point, appellee moved for a finding in his favor, asserting that appellant had failed to make a prima facie case. Upon reflection, the court decided that the slips were inadmissible, in effect withdrew them from evidence, and granted the motion. We agree with appellant that this ruling was error.

Appellee contends, in support of the trial court's decision, that the proffered slips were self-serving, that they failed to conform to the requirements of the Federal Shop Book Rule, and that appellant suffered from imperfect recollection. We hold that the court had no basis for rejecting the slips at this stage of the trial. Having testified that the slips were prepared at the time of the alleged loans, appellant was entitled to have them considered, for whatever their worth, as past recollection recorded. Shokuwan Shimabukuro v. Higeyoshi Nagayama, 1944, 78 U.S.App. D.C. 271, 140 F.2d 13, certiorari denied 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584; Shea v. Fridley, D.C.Mun.App.1956, 123 A.2d 358; Berry v. Keith, D.C.Mun.App. 1953, 100 A.2d 831; Fowler v. Stanford, D. C.Mun.App.1952, 89 A.2d 885.

Of course, we do not intimate that the loans were made or that the slips were prepared as appellant contends. That determination must await a full trial when the court, with all evidence before it, has an opportunity to weigh the competing claims. In disposing of the motion for a finding on behalf of appellee, the court was not at liberty to discount appellant's case; on the contrary, the court was required to

construe the evidence most favorably to him, as it must do on motions for directed verdict. Petty v. Rowe, D.C.Mun.App.1952, 91 A.2d 331; Taylor v. United Broadcasting Co., D.C.Mun.App.1948, 61 A.2d 480; Rieffer v. Hollingsworth, D.C.Mun.App.1947, 52 A.2d 632; Garrett v. Jamison, D.C.Mun.App.1946, 50 A.2d 602; Carow v. Bishop, D.C.Mun.App.1946, 50 A.2d 598. Appellee should proceed with his evidence.

Reversed with instructions to grant a new trial.